# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUMBO MOVING & STORAGE, INC.,

      Plaintiff,

      vs.

PIECE OF CAKE MOVING & STORAGE LLC,
SIMPLY MOVING LLC, SIMPLY MOVING &
STORAGE LLC, VOJIN POPOVIC, STEFAN
MARCALI, and VOLODYMYR PLOKHYKH,

      Defendants.

Case No. 22-CV-05138 (ER)

## DEFENDANTS PIECE OF CAKE MOVING & STORAGE LLC, SIMPLY MOVING LLC, SIMPLY MOVING & STORAGE LLC, VOJIN POPOVIC AND STEFAN MARCALI'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure Rules 26, 33 and 34, Defendants Piece of Cake Moving & Storage LLC, Simply Moving LLC, Simply Moving & Storage LLC, Vojin Popovic and Stefan Marcali (collectively "Defendants") submit the following written responses and objections to Plaintiff Dumbo Moving & Storage, Inc.'s ("Plaintiff" or "Dumbo") First Set of Interrogatories and Document Requests to Defendants, dated November 27, 2023 (collectively, the "Requests"). Defendants reserve their right to supplement these responses and objections as additional information becomes available or otherwise seek judicial relief.

## GENERAL OBJECTIONS

Defendants make the following general objections to the Requests:

1.     Defendants object to the Requests as Plaintiff has failed to identify with reasonable specificity and particularity any of the alleged trade secrets it claims are at issue in this litigation and any of the alleged trade secrets it claims were allegedly misappropriated, as required under applicable law, before Defendants are obligated to provide or produce any confidential, proprietary, commercially

1

sensitive and/or trade secret protected material in response to the Requests. *Success Sys. Inc. v. CRS, Inc.*, No. 3:21-CV-01391 (SVN), 2023 WL 2403940, at *2-3 (D. Conn. Mar. 8, 2023); *Kalencom Corp. v. Shulman*, No. CV 17-5453, 2018 WL 1806037, at *2-5 (E.D. La. Apr. 17, 2018); *Arconic Inc. v. Novelis Inc.*, No. CV 17-1434, 2018 WL 4944373, at *1-3 (W.D. Pa. Mar. 14, 2018); *Zenimax Media, Inc. v. Oculus VR, Inc.,* No. 3:14-CV-1849-P (BF), 2015 WL 11120582, at *1-3 (N.D. Tex. Feb. 13, 2015); *Scienton Techs., Inc. v. Computer Assocs. Int'l., Inc.,* No. 04-CV-2652 (JS) (ETB), 2013 WL 1856653, at *1-3 (E.D.N.Y. May 1, 2013); *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, No. 3:12CV220(WWE), 2012 WL 3113162, at *1-2 (D. Conn. July 31, 2012). Such identification with particularity and specificity is necessary, among other reasons, to: (i) provide Defendants with fair notice of the specific claims Plaintiff alleges; (ii) enable the parties and the Court to determine the appropriate scope of reasonable discovery to which Plaintiff may be entitled and to ascertain which Requests fall within or outside such scope; and (iii) prevent Plaintiff from "molding" its claims around whatever information and materials are produced by Defendants. (Hereafter, the foregoing objection is collectively referred to as the "Failure to Identify Trade Secrets with Particularity Objection").

2.      Defendants object to the Requests to the extent that they purport to expand Defendants' discovery obligations beyond those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules for the District Court for the Southern District of New York (the "SDNY Rules") and applicable law. Defendants will comply with their discovery obligations as required by the foregoing rules and laws, but do not assume any additional discovery obligations.

3.      Defendants object to each of the "General Instructions" (except item no. 1) and the "Instructions with Respect to Interrogatories" to the extent they seek to impose any obligations on Defendants which are inconsistent with the Federal Rules, SDNY Rules, the Court's Stipulated Protocol and Order for Discovery of Electronically Stored Information, so ordered on November 30, 2023 ("ESI Protocol"), the Court's December 8, 2023 Stipulated Protective Order ("Protective Order")

and applicable law.  Defendants will respond to the Requests in compliance with their obligations under the foregoing rules, orders and applicable law.

4.      Defendants object to each of the defined terms in the "General Definitions" to the extent such definitions are broader than and/or seek to impose any obligations inconsistent with the Federal Rules or the SDNY Rules.

5.      Defendants object to the following "Specific Definitions:" (a) "Didenko" to the extent such definition is vague and ambiguous as it refers to the "owner of IT Dev UA"; (b) "Exclusive Software" to the extent such definition is vague, ambiguous and fails to identify the alleged software or any of its purported trade secret elements at issue with reasonable specificity and particularity; (c) "IT Dev UA" to the extent the definition is vague and ambiguous and fails to reference an actual legal entity; (d) "IT Dev NY" to the extent the definition is vague and ambiguous and fails to reference an actual legal entity; (e) "Plokhykh" to the extent the definition alleges that he "sold unauthorized copies of the 'Exclusive Software' to [unidentified] competitors" and thereby assumes facts not in evidence and in controversy; (f) "Plokhykh NDA" and "POC NDA" to the extent the definitions allege the existence of any such agreement; (g) "POC" as falsely describing it as a "competing moving company allegedly using the Exclusive Software";  (h) "QQMoving" to the extent the definition is vague and ambiguous and fails to reference an actual legal entity or alleges it was formed to compete with Dumbo; (i) "Rachmany" to the extent the definition is vague and unintelligible; and (j) "Shcherban" to the extent it is vague and ambiguous and assumes facts not in evidence.

6.      Defendants object to the interrogatories to the extent they seek information which is prohibited under SDNY Rule 33.3(a) or expert related information that is required to be disclosed under Fed. Rule 26 and the Court's October 25, 2023 scheduling order at a later date and not in response to the Requests.

7.      Defendants object to the Requests to the extent that they seek documents and information that are not proportional to the needs of discovery in the above-captioned litigation.

8.      Defendants object to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

9.      Defendants object to the Requests to the extent they seek documents that are protected by the attorney-client privilege or seek documents prepared in anticipation of litigation or for trial, or that are otherwise subject to the attorney work-product doctrine or any other applicable privilege or immunity.  Any inadvertent production of privileged documents or documents otherwise immune from discovery, shall not be deemed to be a waiver of any attorney-client privilege, the work-product doctrine, any other applicable privilege or doctrine, any ground for objection to discovery with respect to such documents or information, the subject matter thereof or the information contained therein, or of Defendants' right to object to the use of any such document or information during any subsequent proceeding herein.  Recipient shall immediately return to Defendants all copies of any privileged documents produced in response to these document requests.

10.      Defendants object to the Requests to the extent they seek the disclosure of information or documents that are available in the public domain, or available from other sources.

11.      Defendants object to the Requests to the extent they seek the production of documents outside Defendants' possession, custody, or control, or which are more appropriately sought from third parties.

12.      Defendants object to the Requests to the extent the requested documents are already in Plaintiff's possession, custody, or control, or otherwise available from public sources

13.      Defendants object to the Requests, as well as each term, to the extent they are vague, ambiguous, or unintelligible.

4

14.    Defendants object to the Requests to the extent they are overbroad or impose an undue burden or expense on Defendants in responding.

15.    Defendant objects to the Requests to the extent the requests are duplicative of one another.

16.    Defendants object to the time period of the Requests.

17.    Defendants object to the Requests to the extent they seek documents created after the initiation of this litigation.

18.    Defendants will produce only relevant non-privileged documents in their possession, custody, or control that can be located after a reasonable search.

19.    Defendants object to the Requests to the extent that they seek competitively sensitive and/or confidential business information.  Defendants will produce any such relevant and responsive non-privileged documents or materials in accordance with the Protective Order and subject to Plaintiff's adequately satisfying the Failure to Identify Trade Secrets with Particularity Objection.

20.    Defendants object to the Requests to the extent they seek the disclosure of information that would violate privacy interests and/or privacy laws.

21.    Defendants have commenced a diligent review of their files for relevant documents, and such review is ongoing.  This response contains the best information presently available to Defendants and is rendered subject to further fact investigation.

22.    Any response below that indicates that Defendants will produce documents responsive to a Request is not intended to mean that one or more Defendants have documents responsive to such request or that such documents exist, only that Defendants have produced or will endeavor to produce such documents, if any exist, in their possession, custody or control to the extent relevant, not privileged and subject to the various objections stated herein. No objection, or lack of an objection,

#12583066v2\028447\0003

shall be construed as an admission by Defendants as to the existence or non-existence of any documents.

23.    Defendants state these objections without waiving or intending to waive, but on the contrary preserving and intending to preserve:

a.    all objections as to competency, relevance, proportionality, privilege, and admissibility as evidence for any purpose of the responses to the document requests, the documents produced, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

b.    the right to object on any ground to the use of any of these responses, the documents produced, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; and

c.    the right to object on any ground to any other or future discovery requests; and

d.    the right to amend or supplement the responses to the Requests based on additional information Defendants may obtain through discovery or otherwise.

Notwithstanding Defendants' specific responses and objections to any particular request or interrogatory in the Requests, Defendants do not waive any of the General Objections made herein. Each General Objection is incorporated into each and every Specific Response and Objection, set forth below, as if stated in full therein.

#12583066v2\028447\0003

## SPECIFIC RESPONSES AND OBJECTIONS
## TO DOCUMENT REQUESTS

**REQUEST NO. 1:** Any and all versions of the software or management systems developed or used by Defendants that perform functions similar to those described for Dumbo's Exclusive Software, including those related to customer order management, fulfillment, job performance tracking, price quotes, and any other related business operations, from January 2016 to the present.  In producing documents for this request, include the following:

    a.    Complete Source Code: All repositories containing the source code for POC's software, including any archived or version-controlled repositories (e.g., Git, SVN, or Mercurial);

    b.    Documentation: Technical documentation describing the software's architecture, modules, APIs, and any third-party components used;

    c.    Development Records: Change logs, commit histories, pull requests, code review records, and issue tracking data that detail the software's development over time;

    d.    Build and Deployment Processes: Scripts, tools, and instructions for building and deploying the software, including any continuous integration and deployment (CI/CD) pipeline configurations.

    e.    Dependencies and Libraries: List of all external libraries, frameworks, and dependencies integrated into the software, including versions and licenses;

    f.    Executable Binaries: Executable versions of the software as deployed in a production environment, along with any debug symbols or related artifacts that aid in reverse engineering;

    g.    Access Logs: Server logs that indicate when and by whom the software components were accessed, modified, or downloaded;

    h.    Development Environment Specifications: Specifications of the development environment, including the operating system, development tools, compilers, and IDEs used to create the software;

    i.    Test Suites and Results: Automated test suites that the software undergoes during development, and historical test results, including any code coverage reports;

    j.    Developer Correspondence: Internal communications among developers, including emails, chat logs, and meeting minutes that discuss software design and development;

k.      Access Control Lists: Records of individuals and systems that have access to the source code, including historical access permissions;

l.      Comparison Points: Specific features, functions, and algorithms present in Dumbo's software that should be scrutinized for similarities with the POC Defendant's software;

m.     Data Structures and Algorithms: Detailed descriptions and implementations of unique data structures and algorithms used in the POC Defendants' software for cross-reference;

n.      User Interface (UI) Design: Screenshots, UI design documents, and style guides that could illustrate similarities in the look and feel of the software;

o.      Data Flow Diagrams: Diagrams showing how data moves through the software system, which can be compared against Dumbo's software for similarities in logic and structure;

p.      Third-Party Expert Analyses: Any previous analyses or reports by third-party experts regarding the software's code lineage;

q.      Forensic Imaging: Complete forensic images of servers and workstations where POC's software was developed or deployed, to ensure that deleted or otherwise hidden information is also analyzed;

r.      Backup Archives: Any backup archives of the software and development environment, which might contain older or deleted versions of the software; and

s.      License Agreements: Any license agreements for third-party software components that may stipulate restrictions on code use, which could indicate the origin of certain code segments.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request as it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

8

and not proportional to the needs of the case.  Defendants further object to the extent this request

seeks documents not in Defendants' custody, control or possession.  Defendants further object to

the extent this request and its various subparts require Defendants to speculate regarding, and/or

reveal attorney work-product concerning, potential or alleged similarities in certain software, its

components, functions or "look and feel" with the inadequately identified "Exclusive Software."

Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the

reasons set forth in the General Objections and to the extent this request requires knowledge and

understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants

further object to the request's use of various undefined technical terms and acronyms.  Defendants

further object to the extent this request seeks the disclosure of attorney-client privileged and/or

work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet

and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed

compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable

search terms for the relevant custodians who may have documents responsive to this request as

and when clarified and narrowed; and (iii) the nature and scope of the documents or materials

produced in response to this request.

**REQUEST NO. 2:** Complete copies of all agreements, contracts, or understandings
related to the development, purchase, sale, use, or modification of software between the
POC Defendants and other person with respect to the ownership, license, use or
modification of the Exclusive Software or any substantially similar software that performs
the same functions as the Exclusive Software.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information

without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software."  Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 3:** All communications between the POC Defendants and IT Dev NY.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade

10

Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the use of defined terms, "communications," "IT Dev NY" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 4:** All communications between the POC Defendants and IT Dev UA.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the use of defined terms, "communications," "IT Dev UA" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance

with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 5:** All communications between the POC Defendants and Didenko.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.   Defendants further object to the use of defined terms, "communications," "Didenko" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 6:** All communications between Plokhykh and the POC Defendants.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in

12

their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.   Defendants further object to the use of defined terms, "communications," "Plokhykh" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 7:** All communications between the POC Defendants and Shcherban.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in

13

Defendants' custody, control or possession.   Defendants further object to the use of defined terms, "communications," "Shcherban" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 8:** All agreements between the POC Defendants and IT Dev NY.

**RESPONSE:**   Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the use of defined terms, "IT Dev NY" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to

this request.

**REQUEST NO. 9:** All agreements between the POC Defendants and IT Dev UA.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the use of defined terms, "IT Dev UA" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 10:** All agreements between the POC Defendants and Didenko.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

15

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the use of defined terms, "Didenko" and "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 11:** All agreements between the POC Defendants and Plokhykh.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the use of defined terms, "Plokhykh" and "POC," for the reasons set forth in the General Objections.

#12583066v2\028447\0003

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 12:** All communications between the POC Defendants and any other software engineers, software developers, and software development entities, regarding the creation, design, implementation, or function of the Exclusive Software or similar software.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software." Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions. Defendants further object to the extent this request seeks the disclosure

17

of attorney-client privileged and/or work product protected documents and information.

     Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

     **REQUEST NO. 13:** Documents evidencing any transfer of ownership or control over Simply Moving LLC, Simply Moving & Storage LLC, or any of their assets, that occurred in 2022.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

     **REQUEST NO. 14:** All non-disclosure agreements, confidentiality agreements, and restrictive covenants signed by any of the POC Defendants and their employees, contractors, or agents, specifically related to the Exclusive Software or any similar software.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as overbroad, unduly

18

burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software."  Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 15:** All non-disclosure agreements, confidentiality agreements, and restrictive covenants signed by any of the Defendants in favor of Dumbo between January 1, 2010 and the present.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request as overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.

Subject to and without waiver of the foregoing objections, Defendants have no documents responsive to this request in their custody, control or possession.

19

**REQUEST NO. 16:** With respect to the POC Defendants, all financial documents, including invoices, receipts, tax returns, ledgers, balance sheets, bank statements reflecting the costs incurred in developing, acquiring, or implementing the Exclusive Software or similar software.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants object to the extent this request seeks the production of tax returns. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case, including but not limited to use of the term "similar software." Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software." Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; and (ii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 17:** With respect to the POC Defendants, all financial documents, including invoices, receipts, tax returns, ledgers, balance sheets, bank statements reflecting the revenues generated from the use of such software adopted for use by Defendants.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the extent that "use of such software" and "adopted for use by Defendants" are vague, ambiguous, overbroad and/or assumes facts not supported by the evidence. Defendants further object to the extent this request requires Defendants to speculate regarding and/or reveal attorney work-product concerning potential similarities in certain software or its components. Defendants further object to the use of defined term, "POC," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; and (ii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 18:** All documents relating to, and memorializing payments made by the POC Defendants to Plokhykh.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the use of defined terms, "POC" and "Plokhykh," for the reasons set forth in the General Objections.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

> **REQUEST NO. 19:** Correspondence between the POC Defendants, on the one hand, and any current or former employees or contractors of Dumbo Moving & Storage, Inc., concerning the Exclusive Software or any similar software for the period of January 1, 2016 through the present.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

#12583066v2\028447\0003

and not proportional to the needs of the case.  Defendants further object to the extent this request

seeks documents not in Defendants' custody, control or possession.  Defendants further object to the

extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product

concerning, potential or alleged similarities in certain software, its components, or functions with the

inadequately identified "Exclusive Software."   Defendants further object to the use of defined terms,

"Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the

extent this request requires knowledge and understanding of the nature of the purported "Exclusive

Software" and its functions.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and

confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance

with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms

for the relevant custodians who may have documents responsive to this request as and when clarified

and narrowed; and (iii) the nature and scope of the documents or materials produced in response to

this request.

**REQUEST NO. 20:** All marketing materials, web content, promotional literature, and
advertisements produced by the POC Defendants' that describe or reference the
capabilities of the Exclusive Software or similar software.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information

without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade

Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous,

overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

and not proportional to the needs of the case.  Defendants further object to the extent this request

23

seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or capabilities with the inadequately identified "Exclusive Software." Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 21:** Documents detailing the implementation, integration, or use of the Exclusive Software or similar software into the POC Defendants' business operations, including but not limited to project plans, implementation guides, training materials, and user manuals.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

#12583066v2\028447\0003

and not proportional to the needs of the case.  Defendants further object to the extent this request

seeks documents not in Defendants' custody, control or possession.  Defendants further object to the

extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product

concerning, potential or alleged similarities in certain software, its components, or functions with the

inadequately identified "Exclusive Software."   Defendants further object to the use of defined terms,

"Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the

extent this request requires knowledge and understanding of the nature of the purported "Exclusive

Software" and its functions.  Defendants further object to the extent this request seeks the disclosure

of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and

confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance

with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms

for the relevant custodians who may have documents responsive to this request as and when clarified

and narrowed; and (iii) the nature and scope of the documents or materials produced in response to

this request.

**REQUEST NO. 22:** All contracts, communications, and payment records between and
among the POC Defendants and any third-parties in connection with the Exclusive
Software or any similar software developed by on behalf of the POC Defendants from
2016 to present.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information

without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade

Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous,

overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession. Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software." Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions. Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 23:** All non-disclosure and confidentiality agreements executed by POC Defendants in favor of Dumbo.

**RESPONSE:** Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case. Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.

Subject to and without waiver of the foregoing objections, Defendants have no documents

26

responsive to this request in their custody, control or possession.

**REQUEST NO. 24:** All agreements between the POC Defendants and Dumbo created during the period of January 1, 2010 and the present.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.

Subject to and without waiver of the foregoing objections, Defendants have no documents responsive to this request in their custody, control or possession.

**REQUEST NO. 25:** Financial records and documents illustrating the costs associated with the development of the Exclusive Software or any other custom software acquired by or developed by the POC Defendants (including any and all versions or derivatives of the software or management systems) that perform functions substantially similar to those described for Dumbo's Exclusive Software.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the

27

inadequately identified "Exclusive Software."   Defendants further object to the use of defined terms,

"Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the

extent this request requires knowledge and understanding of the nature of the purported "Exclusive

Software" and its functions.  Defendants further object to the extent this request seeks the disclosure

of attorney-client privileged and/or work product protected documents and information.

 Subject to and without waiver of the foregoing objections, Defendants are willing to meet and

confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance

with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms

for the relevant custodians who may have documents responsive to this request as and when clarified

and narrowed; and (iii) the nature and scope of the documents or materials produced in response to

this request.

**REQUEST NO. 26:** Any documents, including internal communications, evidencing
Defendants' knowledge of, interest in, or discussions about Dumbo's Exclusive Software
from 2016 to present.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information

without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade

Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous,

overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

and not proportional to the needs of the case.  Defendants further object to the extent this request

seeks documents not in Defendants' custody, control or possession.   Defendants further object to the

use of defined term, "Exclusive Software," for the reasons set forth in the General Objections and to

the extent this request requires knowledge and understanding of the nature of the purported

"Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 27:** All communications between and among the POC Defendants regarding the acquisition, use, or implementation of the Exclusive Software and any software substantially similar to the Exclusive Software in form and function.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software."   Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive

Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

> **REQUEST NO. 28:** All documents relating to transactions or agreements by and between POC and Popovic, on one hand, and Plokhykh, on the other hand, relating to the purchase or licensing of the Exclusive Software or any software substantially similar to the Exclusive Software in form and function.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software."  Defendants further object to the use of defined terms, "Plokhykh," "Exclusive Software" and "POC," for the reasons set forth in the General Objections

and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 29:** All documents relating to transactions or agreements by and between Simply and Marcali, on one hand, and Plokhykh, on the other hand, relating to the purchase or licensing of the Exclusive Software or any software substantially similar to the Exclusive Software in form and function.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding and/or reveal attorney work-product concerning potential similarities in certain software or its components.  Defendants further object to the use of defined terms, "Plokhykh" and "Exclusive Software," for the reasons set forth in the

31

General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 30:** Any customer communications, marketing materials, or customer service records that demonstrate the use by the POC Defendants of the Exclusive Software or any substantially similar software.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software."  Defendants further object to the use of defined terms,

32

"Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the

extent this request requires knowledge and understanding of the nature of the purported "Exclusive

Software" and its functions.  Defendants further object to the extent this request seeks the disclosure

of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and

confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance

with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms

for the relevant custodians who may have documents responsive to this request as and when clarified

and narrowed; and (iii) the nature and scope of the documents or materials produced in response to

this request.

**REQUEST NO. 31:** Documents evidencing any reproduction, distribution, modification, or display of the Exclusive Software by the POC Defendants including any derivative works based on the Exclusive Software.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information

without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade

Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous,

overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

and not proportional to the needs of the case.  Defendants further object to the extent this request

seeks documents not in Defendants' custody, control or possession.  Defendants further object to the

extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product

concerning, potential or alleged similarities in certain software, its components, or functions with the

inadequately identified "Exclusive Software."   Defendants further object to the use of defined terms,

33

"Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 32:** Documents showing any use, access, or modification of the Exclusive Software by the POC Defendants.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.   Defendants further object to the use of defined terms, "Exclusive Software" and "POC," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request

seeks the disclosure of attorney-client privileged and/or work product protected documents and

information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and

confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance

with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms

for the relevant custodians who may have documents responsive to this request as and when clarified

and narrowed; and (iii) the nature and scope of the documents or materials produced in response to

this request.

**REQUEST NO. 33:** General Request: All internal audits, investigations, or reports related to the security of Defendants' software systems, especially any incidents of unauthorized access or data breaches from 2016 to present.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to this request to the extent it seeks the production of highly

confidential, proprietary, commercially sensitive and/or trade secret documents and information

without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets

and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade

Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous,

overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses,

and not proportional to the needs of the case, including as to "the security of Defendants' software

systems."  Defendants further object to the extent this request seeks documents not in Defendants'

custody, control or possession.  Defendants further object to the extent this request seeks the

disclosure of attorney-client privileged and/or work product protected documents and information.

**REQUEST NO. 34:** General Request: All electronic data and metadata, server logs, change logs, and version control histories for any software developed or used by Defendants that perform similar functions to the Exclusive Software.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad, unduly burdensome, seeking documents not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Defendants further object to the extent this request seeks documents not in Defendants' custody, control or possession.  Defendants further object to the extent this request requires Defendants to speculate regarding, and/or reveal attorney work-product concerning, potential or alleged similarities in certain software, its components, or functions with the inadequately identified "Exclusive Software."   Defendants further object to the use of defined term, "Exclusive Software," for the reasons set forth in the General Objections and to the extent this request requires knowledge and understanding of the nature of the purported "Exclusive Software" and its functions.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with Plaintiff concerning: (i) the timing, nature and scope of Plaintiff's proposed compliance with the Failure to Identify Trade Secrets with Particularity Objection; (ii) reasonable search terms for the relevant custodians who may have documents responsive to this request as and when clarified and narrowed; and (iii) the nature and scope of the documents or materials produced in response to this request.

**REQUEST NO. 35:** All expert reports prepared on behalf of the Defendants in

36

connection with this litigation.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants object to this request as it seeks expert reports that are not required to be disclosed at this time, but rather in accordance with the timeframes set forth in the Court's October 25, 2023 scheduling order. Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection.

**REQUEST NO. 36:** All documents that Defendants intend to use at any deposition taken by Defendants in connection with this litigation.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants object to this request to the extent it seeks the disclosure of potential exhibits at deposition prior to any discovery occurring.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad and unduly burdensome.

**REQUEST NO. 37:** All documents that Defendants intend to use at trial in connection with this litigation.

**RESPONSE:**  Defendants incorporate their General Objections by reference as if set forth herein in

their entirety.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants object to this request to the extent it seeks the disclosure of potential exhibits at trial prior to all fact and expert discovery being completed and prior to the time required for such disclosure.  Defendants further object to this request to the extent it seeks the production of highly confidential, proprietary, commercially sensitive and/or trade secret documents and information without first identifying with reasonable specificity and particularity Plaintiff's alleged trade secrets and the trade secrets allegedly misappropriated, as set forth more fully in the Failure to Identify Trade Secrets with Particularity Objection. Defendants further object to this request as vague, ambiguous, overbroad and unduly burdensome.

#12583066v2\028447\0003

## SPECIFIC INTERROGATORY RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**: Identify by name, address, telephone number and e-mail address all fact witnesses the POC Defendants intend to call at trial and the subject matter of their knowledge.

**RESPONSE**:  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants object to this request to the extent it seeks the disclosure of fact witnesses at trial prior to all fact and expert discovery occurring and prior to the time required for such disclosure.  Defendants further object to this request as overbroad and unduly burdensome. Without waiving and subject to the foregoing objections, for information responsive to this interrogatory, see response to interrogatory no. 2.

**INTERROGATORY NO. 2**: Identify by name, address, telephone number and e-mail address all witnesses not yet named above who have knowledge of information material to the subject matter of the claims and defenses in this action and identify the subject matter of their knowledge.

**RESPONSE**:  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants object to this request to the extent it seeks the disclosure of fact and expert witnesses prior to all fact and expert discovery occurring and prior to the time required for such disclosure.  Defendants further object to this request as vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendants identify:

- Lior Rachmany
  Dumbo Moving & Storage, Inc.
  15 N Oxford St
  Brooklyn, NY 11205
  347-581-4745

- Vojin Popovic
  Najah Ayoub

39

Ivan Martinovic
Paloma Cordova
Piece of Cake Moving & Storage LLC
c/o Fred H. Perkins
Morrison Cohen LLP
909 Third Ave.
NY, NY 10022
212-735-8647

- Stefan Marcali
  c/o Fred H. Perkins
  Morrison Cohen LLP
  909 Third Ave.
  NY, NY 10022
  212-735-8647

- Radojica Katnic
  [address unknown]

- Levgen Didenko
  IT Dev Group
  Yaroslava Mudrogo Street, 10
  Kharkiv, Kharkiv Oblast, Ukraine 6100
  [telephone number unknown]

- Volodymyr Plokhykh
  c/o Mestechkin Law Group P.C.
  (212) 256-1113

- Aleksander Chyb
  [address and telephone number unknown]

**INTERROGATORY NO. 3**: Identify by name, address, telephone number and e-mail address all witnesses to any verbal statements or admissions made by the POC Defendants and Plokhykh.

**RESPONSE**:  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants further object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants object to this request to the extent it seeks the disclosure of fact and expert witnesses prior to all fact and expert discovery occurring and prior to the time required for such disclosure.  Defendants further

object to this request as vague, ambiguous, overbroad and unduly burdensome.

**INTERROGATORY NO. 4**: Identify by name, address, telephone number and e-mail address all persons providing information for and/or participating in the drafting or review of the POC Defendants' answers to these interrogatories.

**RESPONSE**:  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants further object to this request as vague, ambiguous, overbroad and unduly burdensome.

**INTERROGATORY NO. 5**: Identify the custodian, location, and general description of any documents responsive to all of Plaintiff's requests for production that were served upon the POC Defendants that are not in the POC Defendants' possession, custody, or control.

**RESPONSE**:  Defendants incorporate their General Objections by reference as if set forth herein in their entirety.  Defendants object to the extent this request seeks the disclosure of attorney-client privileged and/or work product protected documents and information.  Defendants further object to this request as incomprehensible, vague, ambiguous, overbroad and unduly burdensome. Defendants further object to the extent this request seeks information not in Defendants' custody, control or possession.  Subject to and without waiving the foregoing objections, Defendants are not aware of any such documents.

**INTERROGATORY NO. 6**: Identify any expert witness that the POC Defendants intend to call at trial.  With respect to such expert witness, provide the following:

a. the expert's name, address, and qualifications, including education, training, and experience in the general areas of expertise about which they are expected to testify;

b. a list of all publications authored by the expert in the previous 10 years;

c. a complete statement of all opinions the expert will express and the basis and reasons for them;

d. the facts or data considered by the expert in forming the opinions;

e. any exhibits that will be used to summarize or support the opinions of the expert;

f. a list of all other cases in which the witness has testified as an expert at trial or by deposition in the previous 4 years;

g. the compensation already paid and additional compensation promised to the expert for

41

the testimony and preparation for the testimony, including the engagement letter or agreement between the POC Defendants and the expert;

**RESPONSE**: Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants object to this request as seeking information not discoverable under SDNY Rule 33.3(a). Defendants object to this request to the extent it seeks the disclosure of expert witnesses and related information prior to the time required for such disclosure under Fed. Rule 26 and the Court's October 25, 2023 scheduling order. Defendants further object to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendants state that they have not yet engaged an expert.

**INTERROGATORY NO. 7**: For any expert the POC Defendants do not intend to call as a witness at trial but did retain in anticipation of litigation or preparation for trial and who is not required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2):

a. identify:

- the expert and subject matter on which they were consulted;
- the compensation paid or promised to the expert for services rendered or to be rendered in connection with this Action;

b. produce:

- all reports prepared by the expert in connection with the subject matter of this action;
- all communications between counsel and expert, including emails, letters, memos etc.; and
- all materials provided to experts by counsel to assist in development of opinions and testimony.

**RESPONSE**: Defendants incorporate their General Objections by reference as if set forth herein in their entirety. Defendants object to this request as seeking information not discoverable under SDNY Rule 33.3(a). Defendants further object to this request to the extent it seeks the disclosure of non-testifying expert witnesses and related information which is not required to be disclosed by the Federal Rules and applicable law. Defendants further object to this request as overbroad and

unduly burdensome and improperly seeking the production of documents through an interrogatory. Subject to and without waiving the foregoing objections, Defendants state that they have not engaged any such expert.

Dated: New York, New York
   January 10, 2024

MORRISON COHEN LLP

By:  /s/ *Fred H. Perkins*
Fred H. Perkins
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
fhperkins@morrisoncohen.com
*Attorneys for Piece of Cake Moving & Storage LLC,*
*Simply Moving LLC, Simply Moving & Storage LLC,*
*Vojin Popovic and Stefan Marcali*

# VERIFICATION

I verify under penalty of perjury that the foregoing interrogatory responses are true and correct.

Executed On: January 9, 2024

_____

Vojin Popovic