# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUMBO MOVING & STORAGE, INC.,

    Plaintiff,

vs.

PIECE OF CAKE MOVING & STORAGE LLC, SIMPLY MOVING LLC, SIMPLY MOVING & STORAGE LLC, VOJIN POPOVIC, STEFAN MARCALI, and VOLODYMYR PLOKHYKH,

    Defendants.

Case No. 22-CV-05138 (ER)

## DEFENDANTS PIECE OF CAKE MOVING & STORAGE LLC, SIMPLY MOVING LLC, SIMPLY MOVING & STORAGE LLC, VOJIN POPOVIC AND STEFAN MARCALI'S SECOND SET OF INTERROGATORIES

    Please take notice that, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Rules 26.2 and 26.3 of the Civil Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendants Piece of Cake Moving & Storage LLC, Simply Moving LLC, Simply Moving & Storage LLC, Vojin Popovic and Stefan Marcali hereby request that Plaintiff Dumbo Moving & Storage, Inc. provide within thirty (30) days of the date of service hereof documents in response to the following requests and answer the following interrogatories separately under oath. The instructions and definitions provided are hereby incorporated and made a part of each request and interrogatory.

### INSTRUCTIONS AND DEFINITIONS

    1.    The Uniform Definitions in Discovery Requests contained in Local Rule 26.3 are hereby incorporated by reference.

    2.    If you have knowledge of any document(s) which relate(s) to this litigation and which has/have been destroyed, please provide the following information:

      a. The place, date (or approximate date), and manner of recording or otherwise preparing the document;

      b. The name and title of the sender, and the name and title of the recipient of the document(s);

      c. A summary of the contents of the document(s);

      d. The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document(s);

      e. The date on which it was destroyed;

      f. The reason why it was destroyed; and

      g. Identify all persons having knowledge of the substance of said document(s).

3. Any information withheld pursuant to a claim of privilege must be disclosed pursuant to Fed. R. Civ. P. 26(b)(5). This request hereby incorporates by reference Local Rule 26.2 concerning any document you may withhold on the basis of privilege and request a privilege list in accordance with Local Rule 26.2 to be provided simultaneously with any response to this request.

4. This request shall be deemed continuing. All responses to this request must be supplemented from time to time as you become aware of additional responsive documents, or as additional responsive documents come into your possession, custody, or control.

5. "Document" shall have the meaning set forth in Local Rule 26.3 and shall include Electronically Stored Information.

6. "Electronically Stored Information" shall have the meaning as used in Fed. R. Civ. P. 34 and shall include, without limitation, all electronic documents and any mechanical or digital records (including any associated "Metadata" as defined below) or representations of any kind (including electronic mail, computer files, tapes, cassettes, disks, recordings, computer programs and memories, source code and object code) from which information can be obtained or translated, whether stored in tangible, mechanical, or digital form or representation of any kind including (i)

materials on or in computer tapes, disks, memory, mainframe computers, network servers, personal computers, hand-held devices or other magnetic, optical or other digital storage devices or media, and (ii) backup copies and "deleted" files on a computer or computer storage devices or media whether located on-site or off-site.

7. "Metadata" means information about a particular data set which describes how, when and by whom it was collected, created, accessed, or modified and how it is formatted (including data demographics such as size, location, storage requirements and media information); metadata includes all of the contextual, processing, and use information needed to identity and certify the scope, authenticity, and integrity of active or archival electronic information or records. Examples of metadata for electronic documents include: a file's name, a file's location (e.g., directory structure or pathname), file format or file type, file size, file dates (e.g., creation date, date of last data modification, date of last data access, and date of last metadata modification), and file permissions (e.g., who can read the data, who can write it, who can run it).

8. "Communication" shall have the meaning set forth in Local Rule 26.3.

9. "Identify" (with respect to persons) shall have the meaning set forth in Local Rule 26.3.

10. "Person" shall have the meaning set forth in Local Rule 26.3.

11. "Concerning" shall have the meaning set forth in Local Rule 26.3.

12. "Dumbo" or "Plaintiff" means Dumbo Moving & Storage, Inc. and each of its current or former officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

13. "Defendant(s)" means Piece of Cake Moving & Storage LLC, Simply Moving LLC, Simply Moving & Storage LLC, Vojin Popovic, Stefan Marcali and Volodymyr Plokhykh

and each of his or its current or former officers, directors, employees, partners, corporate parents, representatives, subsidiaries or affiliates.

14. "Complaint" means the second amended complaint filed in this action by Plaintiff.

15. The "Dumbo Software" means the "Moving Company Automated Central Management System" software purportedly developed for Dumbo as set forth in paragraph 21 of the Complaint and all prior iterations or versions thereof in any and all forms or media, including all source code relating thereto.

16. "Trade Secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, that are owned by Dumbo and that (A) Dumbo has taken reasonable measures to keep secret; and (B) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another Person who can obtain economic value from the disclosure or use of the information.

## INTERROGATORIES

1. Identify each and every Trade Secret in the Dumbo Software with sufficient specificity and particularity so as to distinguish those Trade Secrets from information, software or other material that is in the public domain or otherwise generally known.

2. For each and every Trade Secret identified in Interrogatory 1, identify by specific lines all source code that embodies those Trade Secrets.

3. For each and every Trade Secret identified in Interrogatory 1, describe the independent economic value that Dumbo derives from those Trade Secrets by virtue of them not

being generally known to, and not being readily ascertainable through proper means by, another Person who can obtain economic value from the disclosure or use of the Trade Secrets.

4. Identify each and every Trade Secret that Dumbo contends has been misappropriated by Defendants (collectively or any of them individually) with sufficient specificity and particularity so as to distinguish those Trade Secrets from information, software or other material that is in the public domain or otherwise generally known.

5. For each and every Trade Secret identified in Interrogatory 4, identify by specific lines all source code that embodies those Trade Secrets.

6. For each and every Trade Secret identified in Interrogatory 4, describe the independent economic value that Dumbo derives from those Trade Secrets by virtue of them not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the Trade Secrets.

Dated: New York, New York
April 11, 2024

MORRISON COHEN LLP

By: /s/ *Fred H. Perkins*
Fred H. Perkins
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
fhperkins@morrisoncohen.com
*Attorneys for Piece of Cake Moving & Storage LLC, Simply Moving LLC, Simply Moving & Storage LLC, Vojin Popovic and Stefan Marcali*