# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUMBO MOVING & STORAGE, INC., | Civil Action No.: 22-CV-05138 (ER) |
| Plaintiff, | |
| v. | |
| PIECE OF CAKE MOVING & STORAGE LLC, SIMPLY MOVING LLC, SIMPLY MOVING & STORAGE LLC, VOJIN POPOVIC, STEFAN MARCALI, and VOLODYMYR PLOKHYKH, | |
| Defendants. | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS PIECE OF CAKE
MOVING & STORAGE LLC, SIMPLY MOVING LLC, SIMPLY MOVING
& STORAGE LLC, VOJIN POPOVIC AND STEFAN  MARCALI'S
<u>SECOND SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("<u>FRCP</u>"), Rules 26.2

and 26.3 of the Civil Rules for the United States District Court for the Southern District of New

York ("Local Rules"), Plaintiff Dumbo Moving & Storage, Inc. ("Plaintiff" or "Dumbo") by its

counsel, Turman Legal Solutions PLLC and ACKnowledge IP P.C., hereby submits its responses

and objections (collectively, its "<u>Responses</u>") to the requests by Defendants Piece of Cake Moving

& Storage LLC, Simply Moving LLC, Simply Moving & Storage LLC, Vojin Popovic and Stefan

Marcali (collectively, the "<u>POC Defendants</u>") for responses to interrogatories.

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiff objects generally to the POC Defendants' Discovery Requests to the extent

these Interrogatories are not related to the time period or the subject matter at issue in this

proceeding.

1

2.      Plaintiff generally objects to these Interrogatories, and to every definition and instruction therein, to the extent that they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure, as reasonably interpreted, and supplemented by local court rules.

3.      Plaintiff generally objects to these Interrogatories, and the definitions and instructions therein, to the extent that they call for the disclosure of any document or communication that is privileged, was prepared in anticipation of litigation or for trial, and/or otherwise constitutes attorney work product or is immune from discovery.   Inadvertent identification or production of any such document or communication shall not constitute a waiver of any privilege or protection with respect to the subject matter thereof or the information contained therein and shall not waive the right of Plaintiff to object to the use of any such document or communication (or the information contained therein) during this or any subsequent proceeding.

4.      The Defendants object generally to these Interrogatories to the extent that these Interrogatories seek disclosure of information and materials that are not relevant to any parties' claim or defense in this proceeding nor are these Interrogatories reasonably calculated to lead to the discovery of admissible evidence as provided in FRCP 26(b)(1).

5.      Plaintiff objects to these Interrogatories because they fail to specify the documents to be disclosed with sufficient particularity to enable Plaintiff to identify and produce responsive documents and to enable the Court to determine whether Plaintiff complied Rule 26(b).

6.      Plaintiff objects to the POC Defendants' Interrogatories to the extent they attempt to obtain information and documents not in the possession, custody, or control of Plaintiff. Plaintiff, therefore, has construed these Interrogatories as applying only to information and documents within its possession, custody, and control.

7.      Although the Protective Order authorized by the Southern District of New York governs discovery in this proceeding, Plaintiff reserves the right to seek modification of that Protective Order and to seek additional protection for particular categories of discovery, should that become necessary.

8.      Plaintiff objects to the numbering of the Second Set of Interrogatories as they are duplicative of the interrogatory numbers previously propounded in Defendants' First Set of Interrogatories.

9.      Plaintiff expressly reserves the right to modify, amend and supplement its Responses to the POC Defendants' Interrogatories.

## SPECIFIC RESPONSES TO INTERROGATORIES

**Interrogatory 11.    Identify each and every Trade Secret in the Dumbo Software with sufficient specificity and particularity so as to distinguish those Trade Secrets from information, software or other material that is in the public domain or otherwise generally known.**

**Response:**  Plaintiff objects to Interrogatory 11 on the grounds that it is overly broad and unduly burdensome. The request for "each and every Trade Secret" without limitation could encompass an extensive range of information and requires an exhaustive analysis and disclosure of the Dumbo Software's detailed elements, beyond those which are asserted in this litigation. This would impose a significant and unreasonable burden on Plaintiff to identify and delineate an extensive number of individual trade secrets within the software.

Plaintiff also objects to Interrogatory 1 on the grounds of vagueness and ambiguity. The terms "sufficient specificity and particularity" are not clearly defined, making it difficult for Plaintiff to determine the exact scope and nature of the information requested. This lack of clarity prevents Plaintiff from providing a precise and meaningful response.

Plaintiff objects to Interrogatory 1 on the grounds that it seeks information that is not relevant to the claims or defenses in this litigation and is not proportional to the needs of the case, as required under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff objects to Interrogatory1 on the grounds that it fails to specify a relevant time period for the analysis of what constitutes information in the public domain or generally known. The public domain and general industry knowledge may have evolved significantly since the software was conceived, and it is unreasonable to assess the trade secrets against today's standards.

Subject to and without waiving the foregoing general and specific objections, attached as **Schedule A** is report identifying the trade secrets in the Dumbo Software by directories and individual files, including directory names, folder names, and file names.

**Interrogatory 12.    For each and every Trade Secret identified in Interrogatory 1 [SIC 11], identify by specific lines all source code that embodies those Trade Secrets.**

**Response:** Plaintiff objects to Interrogatory 12 on the grounds that it is overly broad and unduly burdensome. The request to identify specific lines of source code for "each and every Trade Secret" necessitates an extensive and detailed analysis of the entire software codebase. This would impose an unreasonable and disproportionate burden on Plaintiff, requiring a significant allocation of time and resources.

Plaintiff also objects to Interrogatory 12 on the grounds of vagueness and ambiguity. The term "specific lines" is not clearly defined, making it unclear how granular the response must be. Plaintiff further objects to Interrogatory 2 on the grounds that it is premature at this stage of discovery. Identifying specific lines of source code for each trade secret requires a further detailed technical review and expert analysis, which is ongoing. Providing such detailed information at this point would be premature and could lead to incomplete or inaccurate responses.

Plaintiff objects to Interrogatory 12 on the grounds that it seeks information that is not relevant to the claims or defenses in this litigation and is not proportional to the needs of the case, as required under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, attached as **Schedule A** is report identifying the trade secrets in the Dumbo Software by directories and individual files, including directory names, folder names, and file names.

**Interrogatory 13.    For each and every Trade Secret identified in Interrogatory 1 [SIC 11], describe the independent economic value that Dumbo derives from those Trade Secrets by virtue of them not being generally known to, and not being readily ascertainable through proper means by, another Person who can obtain economic value from the disclosure or use of the Trade Secrets.**

**Response**: Plaintiff objects to Interrogatory 13 on the grounds that it is overly broad and unduly burdensome.  .  This rog is straight from the definition in 18 U.S. Code § 1839 and is ultimately our burden – calling the analysis "speculative" may not help us.

Plaintiff further objects to Interrogatory 13 as calling for a legal conclusion.

Plaintiff further objects to Interrogatory 13 on the grounds that it is premature at this stage of discovery. Assessing the independent economic value of each trade secret involves financial analysis and potentially the input of expert economic witness analysis, which is not  required at this stage of the litigation. Our response is limited to the current statutory interpretation of 18 U.S.C. § 1839.

Plaintiff objects to Interrogatory 13 on the grounds that it calls for speculative and subjective assessments. Determining the economic value derived from trade secrets, involves

numerous variables and market conditions, which can be difficult to quantify accurately without extensive analysis and may lead to speculative responses.

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this litigation and is not proportional to the needs of the case, as required under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Providing a detailed economic analysis for each trade secret may go beyond what is necessary to address the core issues in this case.

Subject to and without waiving the foregoing objections, the trade secrets identified in Interrogatory 11 provides Plaintiff with significant competitive advantages and economic benefits, including, but not limited to:

a. **Operational Efficiency:** The trade secrets enable more efficient and streamlined operations, reducing costs, and increasing productivity.

b. **Customer Satisfaction:** The unique functionalities and features of the Dumbo Software improve customer experience, leading to higher customer retention and satisfaction rates.

c. **Market Positioning:** The proprietary nature of the software allows Dumbo to differentiate itself from competitors, thereby securing a stronger market position.

d. **Revenue Generation:** The enhanced capabilities of the Dumbo Software contribute to increased revenue through improved service offerings and operational effectiveness.

Plaintiff reserves the right to supplement this response as discovery progresses and more detailed financial and economic analyses are conducted, including expert testimony where appropriate.

**Interrogatory 14.    Identify each and every Trade Secret that Dumbo contends has been misappropriated by Defendants (collectively or any of them individually) with sufficient specificity and particularity so as to distinguish those Trade Secrets from information, software or other material that is in the public domain or otherwise generally known.**

**Response:**  Plaintiff objects to Interrogatory 14 on the grounds that it is premature at this stage of discovery.  Comprehensive identification and detailed description of all misappropriated trade secrets requires extensive internal review and expert analysis, which is ongoing.  Moreover, Dumbo cannot fully identify with specificity and particularity each trade secret that was misappropriated by the Defendants without reviewing the source code for Defendants' software, which has not been produced by Defendants.

Plaintiff objects to Interrogatory 14 on the grounds of vagueness and ambiguity. The terms "each and every Trade Secret" and "sufficient specificity and particularity" are not clearly defined, making it difficult for Plaintiff to determine the exact scope and nature of the information requested. This lack of clarity prevents Plaintiff from providing a precise and meaningful response.

Subject to and without waiving the foregoing general and specific objections, attached as **Schedule A** is report identifying the trade secrets in the Dumbo Software by directories and individual files, including directory names, folder names, and file names.

**Interrogatory 15.    For each and every Trade Secret identified in Interrogatory [sic 14], identify by specific lines all source code that embodies those Trade Secrets.**

**Response:** Plaintiff objects to Interrogatory 15 on the grounds that it is overly broad and unduly burdensome.  Plaintiff objects to Interrogatory 15 on the grounds of vagueness and ambiguity.  Subject to and without waiving the foregoing general and specific objections, attached as **<u>Schedule A</u>** is report identifying the trade secrets in the Dumbo Software by directories and individual files, including directory names, folder names, and file names.

**Interrogatory 16.    For each and every Trade Secret identified in Interrogatory [sic 14], describe the independent economic value that Dumbo derives from those Trade Secrets by virtue of them not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the Trade Secrets.**

**Response:** Plaintiff objects to Interrogatory 16 on the grounds that it is overly broad and unduly burdensome. The request for a detailed description of the independent economic value for each misappropriated trade secret necessitates an extensive and potentially speculative analysis, which would require significant time and resources to complete.

Plaintiff objects to Interrogatory 16 on the grounds of vagueness and ambiguity. The terms "independent economic value" and "not being generally known" are not clearly defined, making it difficult for Plaintiff to determine the exact nature and scope of the information being requested. This lack of clarity complicates the ability to provide a precise and meaningful response.

Plaintiff also objects to Interrogatory 16 on the grounds that it is premature at this stage of discovery. Assessing the independent economic value of each misappropriated trade secret involves detailed financial analysis and potentially the input of expert testimony, which is not feasible at this early stage of litigation.  Determining the economic value derived from trade secrets involves numerous variables and market conditions, which can be difficult to quantify accurately without extensive analysis and may lead to speculative responses.

Plaintiff objects to Interrogatory 16 on the grounds that it seeks information that is not relevant to the claims or defenses in this litigation and is not proportional to the needs of the case, as required under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Providing a detailed economic analysis for each misappropriated trade secret may go beyond what is necessary to address the core issues in this case.

Subject to and without waiving the foregoing objections, the trade secrets identified in Interrogatory 14 provides Plaintiff with significant competitive advantages and economic benefits, including but not limited to:

a. **Operational Efficiency:** The trade secrets enable more efficient and streamlined operations, reducing costs, and increasing productivity.

b. **Customer Satisfaction:** The unique functionalities and features of the Dumbo Software improve customer experience, leading to higher customer retention and satisfaction rates.

    c.  **Market Positioning:** The proprietary nature of the software allows Dumbo to differentiate itself from competitors, thereby securing a stronger market position.

    d.  **Revenue Generation:** The enhanced capabilities of the Dumbo Software contribute to increased revenue through improved service offerings and operational effectiveness.

Plaintiff reserves the right to supplement this response as discovery progresses and more detailed financial and economic analyses are conducted, including expert testimony where appropriate.

Dated: Uniondale, New York
      June 3, 2024

                      TURMAN LEGAL SOLUTIONS PLLC

                      By: *Stephen Turman*
                        STEPHEN E. TURMAN
                      626 RXR Plaza
                      Uniondale, NY  11556
                      (516) 266-6101
                      sturman@turmanlegal.com

                      Paul D. Ackerman, Esq.
                      ACKnowlege IP P.C.
                      6800 Jericho Turnpike
                      Suite 120W
                      Syosset, NY 11791
                      (631) 970-7060
                      paul@acknowledgeip.com

                      *Attorneys for the Plaintiff Dumbo Moving & Storage, Inc.*

TO:    Fred Perkins, Esq.
        Morisson Cohen LLP
        909 Third Avenue
        New York, NY 10022
        *Counsel for the POC Defendants*

        Wing Chiu, Esq.
        Mestechkin Law Group P.C.
        2218 Ocean Avenue
        Brooklyn, NY 11229
        *Counsel for Defendant Volodymyr Plokhykh*

## **VERIFICATION**

LIOR RACHMANY, declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

I am the Chief Executive Officer of Dumbo Moving & Storage, Inc. I have reviewed the answers to the Interrogatories set out in this document. I declare under penalty of perjury that these answers are true and correct.

Dated: June 3, 2024

_____
Lior Rachmany

8

REDACTED

May 30, 2024

## SCHEDULE A

**Dumbo Moving Preliminary Trade Secrets Identification**
**(with Exemplary Citations to Computer Code)**



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



2

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

REDACTED

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024





RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



15

**REDACTED**

May 30, 2024



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

May 30, 2024



17

RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024



18



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL



RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL

**REDACTED**

May 30, 2024

███

*///*

RESTRICTED CONFIDENTIAL SOURCE CODE MATERIAL