

Fred H. Perkins
Partner
(212) 735–8647
fhperkins@morrisoncohen.com

July 2, 2025

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    Dumbo Moving & Storage, Inc. ("Dumbo") v. Piece of Cake Moving & Storage LLC ("Piece of Cake") et al, 1:22-cv-05138-ER (the "Action")

Dear Judge Ramos:

We represent all Defendants in this Action except Volodymyr Plokhykh (the "POC Defendants"). In accordance with Local Civil Rule 37.2 and Your Honor's Individual Practices, I write respectfully to request a pre-motion conference for permission to move pursuant to Fed. R. Civ. P. 37(b)(2) for an order directing that appropriate sanctions be issued for Dumbo's failure to produce any documents responsive to all Defendants' previously served discovery requests and for failure to produce Dumbo's operational software to be exchanged, as required under the Court's revised Discovery Schedule and Order of May 6, 2025 (ECF 167) (the "5/6/25 Scheduling Order"). Defendant Plokhykh joins in this request in all respects.

The original Scheduling Order was entered in this matter on October 25, 2023 pursuant to Fed. R. Civ. P. 16 and 26(f) (ECF 80). It was thereafter amended several times and the 5/6/25 Scheduling Order was agreed to and so ordered by this Court following the appearance of Dumbo's new counsel after a 60 day stay. The 5/6/25 Scheduling Order requires: "Exchange of source code and operational software" by May 30, 2025 and the "Production of documents in response to previously served document requests and subpoena to Hebronsoft" by May 30, 2025. (ECF 167). While Dumbo's and Defendants' respective source code was initially exchanged on or about May 30, 2025, Dumbo has continuously failed to produce or provide a date certain for either the exchange of operational software or its production of documents in response to all Defendants' prior discovery requests. The parties have met and conferred about these and related issues by Zoom on May 21, 2025 (in advance of the scheduled exchanges) and by email on at least the following dates: May 27 and 29 and June 4, 5, 6, 9, 12, 18, 24, 25, 27, 2025. (Copies of meet and confer emails from May 21, 2025 to May 29, 2025, including the email of May 21, 2025 confirming the discussion during the Zoom meet and confer are attached as Exhibit A; copies of meet and confer emails from May 30, 2025 to June 27, 2025 are attached hereto as Exhibit B).

**Dumbo Continues to Fail to Produce Documents as and when Required by the Court** -- As to Dumbo's documents, Dumbo's counsel advised Defendants during our May 21st meet and confer that "Dumbo has not yet paid its e-discovery vendor for their prior [document processing] services and as a result, [Dumbo's counsel] cannot access the documents to be produced." (Ex. A at p. 9). While Defendants were then willing to extend the document exchange by "a few days or a week if necessary," Defendants reiterated the Court's directive to proceed with document production and remained hopeful that the parties' documents could be exchanged by no later than June 6th. (*Id*.) Defendants inquired of



Hon. Edgardo Ramos
Page 2

Dumbo's counsel on June 5, 6, and 9 as to the status of its potential document production, in response to which Dumbo's counsel stated on June 9th: "I am told the fees were paid to the document storage company [e-discovery vendor] so hopefully will get it this week." (Ex. B at pp. 12, 13 & 14). When Dumbo still failed to produce documents or a definitive date for the document exchange, Defendants again inquired on June 12, 18, and 24 as to when Dumbo's documents would be ready to be produced and exchanged. (Ex. B at pp. 4, 6, 7, 8, 9 & 10). Despite the prior representation that the e-discovery vendor's outstanding invoice had been paid, on June 25th, Defendants were advised by Dumbo's counsel that he was "still waiting [for] the [e-discovery vendor] to be fully paid which apparently hasn't happened yet." (Ex. B at p. 2).

As of today, Dumbo's counsel has still not produced any documents nor provided a date certain for production of documents due to be exchanged on May 30th. Dumbo has also not advised Defendants that all financial impediments to Dumbo obtaining the documents from its e-discovery vendor have been fully satisfied. Apparently, at least according to Dumbo's prior counsel, Dumbo's failure to pay the e-discovery vendor and the consequent inability to produce its own documents dates back to at least December 2024, if not long before. Although the 5/6/25 Scheduling Order provided that these parties' document production should be "exchange[d]," after weeks of futile efforts to schedule such a document exchange, Defendants have unilaterally produced their documents responsive to Dumbo's initial document requests on June 27, 2025.

**Dumbo has Failed to Exchange its Operational Software** -- Similarly, Defendants have met and conferred with Dumbo's counsel regarding the Court-ordered exchange of operational software that was scheduled to occur on May 30, 2025. (ECF 167). Defendants met and conferred by Zoom about scheduling the operational software exchange on May 21 (Ex. A at p. 9) and by email on May 23, 27, 29 (Ex. A at pp. 1 – 8) and on June 4, 5, 6, 12, 18, 24 and 25 (Ex. B at pp. 2-5, 7-10,13-17). While Defendants explained to Dumbo's counsel on May 21st that software to be exchanged should be "fully operational, which includes test data to make the software fully functional" (Ex. A at p. 9), Dumbo responded as follows:

- May 27th – "[Dumbo] is arranging the login to their test platform for the operational software" (Ex A at p. 5);
- May 29th – "My client misunderstood the nature of the access you need to the operational code, so it is not ready yet" (Ex A at p. 2);
- June 6th – "Still working on the operational software. [Dumbo is] actively creating a test environment from what I understand" (Ex. B at p. 14);
- June 25th – "The operational software should be ready soon." (Ex. B at p. 2);
- June 27th – "Operational software should be available, we have been working on it, but it has to be created for you. It is not something they already had available. (Ex. C at p. 1) (which is an excerpted email since the balance of the email appears in Ex. B).

Despite the exchange of operational software being scheduled for May 30th since the 5/6/25 Scheduling Order was entered and all that this requires is access to Dumbo's software with some test data (so the parties do not share actual competitive customer data), after nearly two months, Dumbo has



Hon. Edgardo Ramos
Page 3

yet to provide a date certain for the exchange of operational software, something which should be readily available and produced over a month ago.

**Exchange of Source Code** -- While there have been some minor issues regarding the exchange of the parties' respective source code, most of those issues have been addressed and resolved or are we understand are in the process of being imminently resolved. There are two issues, however, we want to bring to the Court's attention in case they are not resolved by the time this letter is considered. First, Dumbo misidentified in Dumbo's Amended Interrogatory Response (which purported to describe Dumbo's trade secrets) (ECF 135-4) approximately 46 computer directories and files that Dumbo asserted contains Dumbo's alleged trade secrets. In reviewing the source code Dumbo produced thus far, these directory names and files name could not be found. Apparently, Dumbo's expert is working on addressing these misidentified computer directories and files and we have been advised by Dumbo's counsel as of June 27th that its expert is currently updating the information previously provided with the proper names. (Ex. B at p. 1). Second, Dumbo produced source code which dates to March 2023 and has indicated that it will also be producing source code from July 2022, notwithstanding that the date of the alleged misappropriation and the completion date for the copyrighted software it claims was infringed were years earlier. We have repeatedly asked Dumbo to definitively confirm that it has no earlier version of the source code and if it does to produce such version. We are still awaiting Dumbo's response to whether any earlier version exists (before July 2022) and if so whether it will be produced. Naturally, Defendants reserve all of their rights regarding such issues.

Dumbo's failure to produce documents and make its operational software available for exchange as and when required by this Court in the 5/6/25 Scheduling Order has prejudiced Defendants. First, Defendants obviously cannot prepare for fact depositions in this matter until all documents and software have been produced. Second, expert analysis of Defendants' operational software obviously cannot even begin until such software has been provided. Because certain screens in Dumbo's software were identified in its trade secret identification, the failure to produce such software also impairs Defendants' experts' analysis of Dumbo's alleged trade secrets. Dumbo was presumably aware of the obligation to produce both its source code and operational software since the action was commenced in 2022. Dumbo has been on notice of a court order to exchange its operational software and source code since at least February 4, 2025 when the prior Scheduling Order requiring such exchange was entered. (ECF 156). Accordingly, Defendants respectfully request permission to move for appropriate sanctions for Dumbo's continuing failure to comply with the Court's so-ordered exchange of operational software and documents.

Thank you.

Respectfully submitted,

*Fred H. Perkins*

Fred H. Perkins

cc:    All counsel (via ECF)