

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
150 Broadway
Suite 900
New York, NY 10038

Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.

July 3, 2025

Edgardo Ramos, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square NY, Courtroom 619
New York, NY, 10007

**<u>Via Electronic Filing</u>**

Re:   Dumbo Moving v. Piece of Cake Moving et al. 1:22-cv-05138-ER

Dear Judge Ramos:

This firm represents Dumbo Moving & Storage, Inc., plaintiff in the above entitled action.  I write in response to Mr. Braid's letter request for a premotion conference.  As your honor is aware, I recently entered into this case after Plaintiff's prior counsel withdrew, and have been working diligently to get discovery responses to the Defendants, and quickly met with Mr. Perkins and entered into the revised scheduling order that he references in his letter.  At the time of the meeting to discuss the 5/6/25 Scheduling Order, I had already indicated to Mr. Perkins that the dates might be hard to meet in some respects, as Dumbo Moving's documents had been processed by a third party retained by prior counsel and they would not be released until that company, Archer Hall, had been paid in full for the document processing and storage.  I also indicated to him that prior counsel was uncooperative in transferring his file, making it impossible for me to even know what documents had been collected, though I am aware that hundreds of gigabytes had been collected.

We have been open and transparent about the issues with obtaining these documents, which is not willful, but due to a very large bill that Dumbo is working strenuously to pay so that the documents can be retrieved and transmitted to the Defendants.  Notably, Mr. Perkins ignores the fact that his document production was only produced last Friday, also significantly late, and does not appear to be complete as of yet.  On each occasion that I communicated with Mr. Perkins, I have told him the most accurate information that I possessed.  Dumbo believed it had paid Archer Hall in full for the documents to be released, but Archer Hall stated that there were additional charges open of over $27,000 as of last week.  I have actively stressed to the Plaintiff that it is imperative that they make a priority of paying this invoice so that the documents can be obtained and provided to the Defendants. Notably, I am informed that the documents have already been reviewed and processed and should be able to be produced promptly upon my receipt of access to them.

 201.289.5352    866.883.9690   ✉ frischa@avifrischlaw.com   🌐 www.avifrischlaw.com

Edgardo Ramos

      In regard to the exchange of operational software, Dumbo did not possess a training or other test platform with sample data. . Initially, Dumbo misunderstood what was being sought, and believed that read only access to live data would be something that would be useful, but upon discovery of this, I instructed Dumbo to return to its vendor and have a test database created. Dumbo asked its vendor to create a training database, and the vendor has indicated that it did not have the wherewithal to do so in a timely manner. When Dumbo was informed that it would have to create this database on its own, it promptly began work in June. I am informed that Dumbo will have a sample database available for access by the Defendants to view the operational software by July 10, 2025.

      Notably, Mr. Perkins' client has not made its operational software available to Dumbo by the Court ordered deadline. Mr. Perkins believes that he is entitled to discovery sanctions when he has failed to meet the same deadlines as the Plaintiff. Unlike the Plaintiff, who is working diligently to correct the mistakes made when represented by prior counsel, it appears that the Defendants are simply not interested in complying with their own obligations.

      As to the exchange of the source code, Dumbo timely complied with its obligation, and provided the March 2023 version of the code prior to the Court's deadline. Due to a misunderstanding, on my part, of the versions possessed by prior counsel, I recently discovered that there is also a version of the code from 2022. This version is being sent to me by prior counsel, and will be provided as soon as possible. Defendants have continually failed to meet their obligations with the source code. The Defendants sent only a portion of the code timely (and due to unnecessary signature requirements imposed by Mr. Perkins, the delivery was delayed for a week), and then upon review by Plaintiff's expert it was discovered that multiple segments of the software code were omitted from the production. Defendants sent a second portion of the code, and again Plaintiff's expert determined that it was incomplete. Upon being caught a second time, the Defendants are now serving a third copy of their source code. Defendants' wrongful conduct in regard to their code has cost Plaintiff in attorney and expert time, and is blatantly an attempt to avoid full disclosure of the code it stole.

      I will note that I have jumped into this case that was two years old just about two months ago. I am doing my best to cure any deficiencies and to manage the various issues created by others. There is no basis for any motion for discovery sanctions, and Plaintiff is moving rapidly to comply with its obligations.

      Very truly yours,

      *Avram E. Frisch*

      Avram E. Frisch

Cc:

