

Fred H. Perkins
Partner
(212) 735-8647
fhperkins@morrisoncohen.com

February 24, 2026

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    Dumbo Moving & Storage, Inc. ("Dumbo") v. Piece of Cake Moving & Storage LLC et al, 1:22-cv-05138-ER (the "Action")

Dear Judge Ramos:

        We represent all Defendants in this Action except Volodymyr Plokhykh (the "POC Defendants"). In accordance with Rule 2A of Your Honor's Individual Practices and paragraph 1 of the February 13, 2026 Scheduling Order (ECF No. 191), I write respectfully to request a pre-motion conference requesting that Dumbo be compelled to produce its designated corporate representative, Lior Rachmany, to appear in person for its currently scheduled 30(b)(6) deposition in Manhattan.  This letter is also in response to the February 20, 2026 letter of Avram Frisch requesting the deposition be conducted remotely. (ECF No. 193).   Counsel have met and conferred regarding this issue both by Zoom and email.

        Unfortunately, Mr. Frisch's letter fails to accurately describe the relevant facts and ignores applicable law.  *First*, as to the prior deposition of Lior Rachmany, individually, it was *not my preference* to take such deposition over two days.  Rather, when Mr. Frisch indicated that Mr. Rachmany had to pick up his children by 3:00 p.m. daily, I immediately offered to oblige Mr. Rachmany's personal needs by starting the deposition early on December 9th and on December 11th, proceeding without a lunch break and then ending each day by no later than 2:00 p.m. (See October 27, 2025 email chain, attached hereto as Exhibit A, pp. 1-7). Obviously, accommodating Mr. Rachmany's schedule previously in light of his need to pick up his children did not create any hardship to Mr. Rachmany as both he and his counsel readily agreed to attend his in-person individual deposition at my office.

        *Second*, while I have conducted numerous depositions remotely during COVID or to avoid travel for witnesses not accessible to New York City except by plane travel, in my experience and as explained to Mr. Frisch, in-person depositions are both more efficient and productive.  This is particularly true with a difficult witness such as Mr. Rachmany, who during his individual deposition repeatedly refused to answer the question asked, purported to assert his own objections, and gave responses inconsistent with his prior testimony and the documentary exhibits. In addition, particularly in document-intensive depositions as is anticipated with the 30(b)(6) deposition of Dumbo, significant time can be wasted during remote depositions with witnesses downloading and electronically scrolling through documents to review them and/or to find the relevant portions.

        *Third*, during our meet and confers, besides the issue of Mr. Rachmany's child care – which was previously addressed by accommodating his schedule during his individual in-person deposition – Mr. Frisch relied on a misinterpretation of Local Civil Rule 30.2 and his concern with "schlepping" (traveling) to Manhattan from Hackensack, New Jersey to press for a remote 30(b)(6) deposition.  (See Feb. 9, 2026 email chain attached hereto as Exhibit B at pp. 8-9). As I explained to Mr. Frisch, Rule 30.2 provides that "[t]he motion of a party to ***take*** the deposition of an adverse party by telephone or other remote means will presumptively be granted." (Emphasis added).  Obviously, this rule does not mean, as Mr. Frisch contended, that this presumption was applicable to the party ***defending*** the deposition, or otherwise



Hon. Edgardo Ramos
Page 2

"every party defending any deposition in SDNY could invoke this rule at any time for any reason and nearly all depositions would be remote." Ex. B at p. 6; Wei Su v. Sotheby's, Inc., 17-CV-4577 (VEC), 2019 WL 4053917 at *2 n.1 (S.D.N.Y. Aug. 28, 2019); Cerco Bridge Loans 6 LLC v. Schenker, 23 Civ. 11093 (DEH), 2024 WL 4165128 at *1 (S.D.N.Y. July 16, 2024).

*Fourth*, it is well recognized that "a plaintiff who chooses a particular forum should be prepared to be deposed in that forum." Wei Su, 2019 WL 4053917 at *1 (*quoting* Connell v. City of New York, 230 F. Supp.2d 432, 436 (S.D.N.Y. 2002)) (denying plaintiffs' motion for depositions to be taken remotely from China where they resided and finding plaintiffs' alleged hardship based on "familial obligations," employment and health concerns respectively to be insufficient to overcome the general rule that plaintiff should appear for deposition in the district chosen for their lawsuit since "virtually every non-resident plaintiff is likely to have some type of family or employment obligations outside of the district"); Cerco, 2024 WL 4165128 at *1-2 (denying plaintiff's letter motion to quash his in-district in-person deposition in favor of a remote deposition). Here, since Dumbo selected the Southern District as the forum for this matter, Mr. Rachmany is a New York City resident, and counsel has previously and continues to be willing to accommodate Mr. Rachmany's personal needs by starting the deposition early and stopping by 2:00 p.m., there has been no good cause shown to disturb the general rule that plaintiff's deposition should be conducted within the confines of the Southern District.

*Fifth*, while it is true that Mr. Popovic's deposition was conducted virtually, that was at *Plaintiff's choice*, not Defendants. Indeed, I offered my office to Mr. Frisch to use if he wished to conduct Mr. Popovic's deposition in person in Manhattan. As to the other depositions conducted remotely in this matter (one by Plaintiff and one by Defendants), Mr. Frisch omits to mention that both were witnesses located in Europe and in person depositions in Manhattan were obviously impractical, if not impossible. Such is obviously not the case with Mr. Rachmany, a New York City resident.

Accordingly, to ensure Defendants a full and fair opportunity to depose Dumbo's 30(b)(6) representative, for which Dumbo chose to designate Mr. Rachmany, and simultaneously to accommodate Mr. Rachmany's personal needs, Defendants request the deposition proceed in person in Manhattan on the dates currently provided for in the Court's Scheduling Order (ECF 191) "on March 12, 2026 and March 17, 2026 (over two days to accommodate Mr. Rachmany's personal schedule)" with the deposition starting each day no later than 9:30 a.m. and continuing to no later than 2:00 p.m.

Thank you.

Respectfully submitted,

*Fred H. Perkins*
Fred H. Perkins

cc:     All counsel (via ECF)