

# EXHIBIT B

| | |
|---|---|
| **From:** | Avram Frisch |
| **To:** | Perkins, Fred; Wing Chiu |
| **Cc:** | Bonoli, Tess; Rallis, Nicole P. |
| **Subject:** | Re: Discovery |
| **Date:** | Monday, February 9, 2026 8:30:27 PM |

**CAUTION:** External sender. Verify before continuing.

Works for me.

_____

Avram E. Frisch, Esq.
Frischa@avifrischlaw.com
1 University Plaza, Suite 119 Hackensack, NJ 07601
201-289-5352
Fax: 866-883-9690



**From:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Sent:** Monday, February 9, 2026 8:27:40 PM
**To:** Wing Chiu <wkc@lawmlg.com>; Avram Frisch <frischa@avifrischlaw.com>
**Cc:** Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** RE: Discovery

Avi,

I didn't hear back from you so prepared drafts of the joint letter to the court and the proposed stipulation. Please advise if you (or Wing) have any comments.

Regards,

Fred



**Fred H. Perkins**
Partner & Co-Chair, Technology, Data & IP
D 212.735.8647
fhperkins@morrisoncohen.com
vCard | Bio | LinkedIn

Morrison Cohen LLP
909 Third Avenue, 27th Floor, New York, NY 10022-4784
212.735.8600 | morrisoncohen.com

**From:** Wing Chiu <wkc@lawmlg.com>

1

**Sent:** Monday, February 9, 2026 9:38 AM
**To:** Perkins, Fred <fhperkins@morrisoncohen.com>; Avram Frisch <frischa@avifrischlaw.com>
**Cc:** Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>; Wing Chiu <wkc@lawmlg.com>
**Subject:** RE: Discovery

**CAUTION:** External sender. Verify before continuing.

Hi Fred,

These dates are fine by us.

Thank you.

**Wing K. Chiu, Esq.**
**MESTECHKIN LAW GROUP P.C.**
Tel. 212.256.1113
Fax. 646.365.2069
wkc@lawmlg.com

**Brooklyn: 2218 Ocean Avenue, Brooklyn, NY 11229**
**Financial District: 17 State Street, 40th Fl. New York, NY 10017**

**CONFIDENTIALITY NOTICE**: This transmission (including any attachments) contains information which is confidential and/or subject to the attorney-client or work product privilege, and is intended solely for the recipient(s) identified above. Any interception, copying, distribution, disclosure or other use of this transmission or any information contained in it is strictly prohibited, and may be subject to criminal and civil penalties. If you have received this transmission in error, please immediately reply via e-mail and then delete the transmission from all forms of storage and destroy all hard copies.

**From:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Sent:** Monday, February 9, 2026 9:14 AM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** Wing Chiu <wkc@lawmlg.com>; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** RE: Discovery

Avi & Wing,

I've filled in the dates for the Dumbo 30b6, to submit letters to the court to address location/method of deposition and the remaining discovery dates. Please confirm today

2

that we are in consensus with these dates and we can update the last joint letter to the court regarding the schedule and the scheduling order.

1. We have completed the individual depositions of Rachmany, Popovic and Marcali and are in process of completing the non-party deposition of Mr. Polushkin (a representative of Dumbo's current software developer) which is scheduled to be completed on February 20.
2. We have scheduled the deposition for Mr. Plokhykh for March 2 and the 30(b)(6) deposition of Dumbo for March 12 and 17.  There is a disagreement between the parties on where and how the 30(b)(6) desposition should be conducted. Dumbo seeks to have the 30(b)(6) deposition of its CEO, Lior Rachmany, a New York City resident, done remotely.  POC Defendants seek to conduct this deposition in person in Manhattan. The parties agree to submit letter to the Court by February 24 to present this issue to the Court for determination.
3. Dumbo will produce any and all additional documents in response to all of defendants' prior discovery requests by no later than February 25.  Without waiver of any party's rights, Dumbo will also provide written responses in accordance with FRCP by no later than February 25 to POC Defendants' 3rd and 4th set of interrogatories and Amended Request for Admissions.
4. Dumbo's and POC's counsels are continuing to meet and confer regarding certain additional financial documents from both parties and subject to those continuing discussions plan to produce additional financial documentation by February 25.
5. Fact discovery is extended to March 31 and all other pending dates in the schedule are extended by approximately same amount of time (adjusting for weekends and holidays).  Here's the proposed new schedule:

| Task | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Last day to complete Non-Expert Depositions and All Fact Discovery | February 13, 2026 | April 1, 2026 |
| Expert Reports | March 20, 2026 | May 7, 2026 |
| Rebuttal Reports | May 15, 2026 | July 7, 2026 |
| Last to complete Expert Depositions | June 12, 2026 | August 7, 2026 |
| All Discovery Completed | June 12, 2026 | August 7, 2026 |
| Case Management Conference | T/B/D after June 12, 2026 | T/B/D after August 7, 2026 |

Regards,

Fred



**Fred H. Perkins**
Partner & Co-Chair, Technology, Data & IP
D 212.735.8647
fhperkins@morrisoncohen.com
vCard | Bio | LinkedIn

Morrison Cohen LLP
909 Third Avenue, 27th Floor, New York, NY 10022-4784
212.735.8600 | morrisoncohen.com

**From:** Avram Frisch <frischa@avifrischlaw.com>
**Sent:** Monday, February 9, 2026 6:49 AM
**To:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Cc:** wkc@lawmlg.com; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** Re: Discovery

**CAUTION:** External sender. Verify before continuing.

I thought we had agreed on the dates. March 12 and 17th. We can advise that we will write letters by 2/24 on the issue of virtual v. In person.

_____
Avram E. Frisch, Esq.
Frischa@avifrischlaw.com
1 University Plaza, Suite 119 Hackensack, NJ 07601
201-289-5352
Fax: 866-883-9690

signatureImage



**From:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Sent:** Saturday, February 7, 2026 10:46 AM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** wkc@lawmlg.com <wkc@lawmlg.com>; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** RE: Discovery

4

Avi,

Please advise (after the Sabbath) where we stand on these issues, including the key terms of the letter to the court re discovery extension etc.

Thanks.

Regards,

Fred



**Fred H. Perkins**
Partner & Co-Chair, Technology, Data & IP
D 212.735.8647
fhperkins@morrisoncohen.com
vCard | Bio | LinkedIn

Morrison Cohen LLP
909 Third Avenue, 27th Floor, New York, NY 10022-4784
212.735.8600 | morrisoncohen.com

---

**From:** Perkins, Fred
**Sent:** Thursday, February 5, 2026 5:04 PM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** wkc@lawmlg.com; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** RE: Discovery

Avi,

I disagree strongly with your characterization of Mr. Popovic's deposition testimony. Further, if the production of additional documents is sufficient to recall a prior witness, then we will certainly recall Mr. Rachmany to address all the documents that were previously requested years or months before his deposition that have been subsequently produced. You indicated that you intend to take POC's 30b6 deposition. You will have the opportunity to ask questions related to relevant topics, including financials.

As to additional financial information, I accept your representation for now that you have not shown or otherwise provided attorney's eyes only information to your client, including POC's financial statements. Given your statement as to what your client "believes" is or is not "sufficient" about POC's financials, that certainly raised a fair question regarding the basis for such an assertion by your client. In any event, it seems based on your email of this morning that what you are looking for is a greater breakdown of COGS and other expenses in a manner similar to Simply's financial statement. Please confirm and I can then determine what

additional information is available. You have indicated you will provide "ledgers" for the Dumbo software development expense. I would presume such back up would tie into some number on Dumbo's financial statements. Rachmany testified (239- 242) that there was quickbooks backup for "software" – line 64920 in Dumbo's 2017 P&L. If the "ledgers" are that quickbooks backup, that could be sufficient. If not, we would want the ledgers and the quickbooks back up as well as any further quickbooks back up that Dumbo has for its COGS and expense items in its P&L.

As to the location/method of taking Dumbo 30b6 deposition by your designee Mr. Rachmany, SDNY local rule 30.2 could not be clearer that it is the motion of a party to TAKE the deposition of an adverse party remotely that will be presumptively granted. I am not making such a motion.   If the rule were as you suggest, then every party defending any deposition in SDNY could invoke this rule at any time for any reason and nearly all depositions would be remote. While I understand Mr. Rachmany has child care issues requiring him to break for deposition at 2 or 3 in the afternoon, we had no problem accommodating this need last time by starting earlier than 10 am and breaking at 2 pm and then resuming 2 days later with the same time limitations. To be clear, I am certainly willing to do that again. In any case, the caselaw interpreting and applying this local rule makes clear that the presumption is in favor of the TAKER of the deposition not the Defender. E.g., <u>Wei Su v. Sotheby's, Inc.</u>, 17-CV-4577 (VEC), 2019 WL 4053917 (SDNY Aug. 28, 2019); <u>Cerco Bridge Loans 6 LLV c. Schenker</u>, 23 Civ. 11093 (DEH), 2024 WL 4165128 (SDNY July 16, 2024). Of course, if you disagree, we can raise the matter with the Judge.

March 12 is good for me for the Dumbo 30b6 deposition. If you prefer to break it up over two days like we did last time, then we can start on March 12th and finish the following week. I am currently available on March 17, 18 or 19 if any of those dates work for you and your client. Please get back to me on this so the letter can reflect our agreement (or not) on dates and method.

As to an extension, here's what I propose we would advise the judge:

1. We have completed the individual depositions of Rachmany, Popovic and Marcali and are in process of completing the non-party deposition of Mr. Polushkin (a representative of Dumbo's current software developer) which is scheduled to be completed on February 20.
2. We have scheduled the deposition for Mr. Plokhykh for March 2 and the 30(b)(6) deposition of Dumbo for March 12 and __. [If you still contend that the 30b6 should be done remotely, we can advise the judge that the parties are in dispute as to whether this deposition should be done in person or remotely and the parties will submit separate letters on that issue by X date.]

3. Dumbo will produce any and all additional documents in response to all of defendants' prior discovery requests by no later than February 25. Without waiver of any party's rights, Dumbo will also provide written responses in accordance with FRCP by no later than February 25 to POC Defendants' 3rd and 4th set of interrogatories and Amended Request for Admissions.
4. Dumbo's and POC's counsels are continuing to meet and confer regarding certain additional financial documents from both parties and subject to those continuing discussions plan to produce additional financial documentation by February 25.
5. Fact discovery is extended to March 31 and all other pending dates in the schedule are extended by same amount of time (adjusting for weekends and holidays). [We will need to include a chart with old and proposed new dates]

Please confirm if this is agreeable.

Regards,

Fred



**Fred H. Perkins**
Partner & Co-Chair, Technology, Data & IP
D 212.735.8647
fhperkins@morrisoncohen.com
vCard | Bio | LinkedIn

Morrison Cohen LLP
909 Third Avenue, 27th Floor, New York, NY 10022-4784
212.735.8600 | morrisoncohen.com

---

**From:** Avram Frisch <frischa@avifrischlaw.com>
**Sent:** Thursday, February 5, 2026 7:13 AM
**To:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Cc:** wkc@lawmlg.com; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** Re: Discovery

**CAUTION:** External sender. Verify before continuing.

---

Fred,

We need to seek the extension of discovery so let's get to the bottom line here. I will respond inline with your comments below.

_____
Avram E. Frisch, Esq.
Frischa@avifrischlaw.com
1 University Plaza, Suite 119 Hackensack, NJ 07601
201-289-5352
Fax: 866-883-9690

signatureImage 

**From:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Sent:** Tuesday, February 3, 2026 9:53 PM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** wkc@lawmlg.com <wkc@lawmlg.com>; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** RE: Discovery

I'm unclear as to what you're are saying.  If you want to take POC's 30b6 deposition remotely, that's fine.  Or if you want to take it in Manhattan, that's fine too.
I have the right to take a deposition of Plaintiff, located within a mile or two of the courthouse, in person as previously noticed.  Local Rule 30.2 provides that a motion of a party to TAKE [not defend] the deposition of an adverse party by remote means will presumptively be granted.  I am not moving to TAKE the deposition of Plaintiff (the adverse party) remotely.  If we need to raise this issue with the court along with any other issue (e.g., response to 4th set of rogs), then so be it.



**Fred H. Perkins**
Partner & Co-Chair, Technology, Data & IP
D 212.735.8647
fhperkins@morrisoncohen.com
vCard | Bio | LinkedIn

Morrison Cohen LLP
909 Third Avenue, 27th Floor, New York, NY 10022-4784
212.735.8600 | morrisoncohen.com

**From:** Avram Frisch <frischa@avifrischlaw.com>
**Sent:** Tuesday, February 3, 2026 9:32 PM
**To:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Cc:** wkc@lawmlg.com; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** Re: Discovery

**CAUTION:** External sender. Verify before continuing.

I will respond in depth tomorrow, but the 30b6 will be virtual. As the SDNY local rules starts, the presumption is for virtual depositions. See Rule 30.2. I didn't fight over your client coming to me but I am fine schlepping to 3rd Avenue to sit in your cave.

Avi Frisch
The Law Office of Avram E. Frisch LLC
201-289-5352

**From:** Perkins, Fred <fhperkins@morrisoncohen.com>
**Sent:** Tuesday, February 3, 2026 9:29:06 PM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** wkc@lawmlg.com <wkc@lawmlg.com>; Bonoli, Tess <tbonoli@morrisoncohen.com>; Rallis, Nicole P. <nrallis@morrisoncohen.com>
**Subject:** RE: Discovery

Avi,

See my comments below. I suggest we have a call this week to see if we can reach a consensus on discovery and the proposed extension.

Regards,

Fred



**Fred H. Perkins**
Partner & Co-Chair, Technology, Data & IP
D 212.735.8647
fhperkins@morrisoncohen.com
vCard | Bio | LinkedIn

Morrison Cohen LLP
909 Third Avenue, 27th Floor, New York, NY 10022-4784
212.735.8600 | morrisoncohen.com

**From:** Avram Frisch <frischa@avifrischlaw.com>
**Sent:** Monday, February 2, 2026 2:29 PM
**To:** Perkins, Fred <fhperkins@morrisoncohen.com>; wkc@lawmlg.com
**Cc:** Rachmany, Lior (lior@dumbomoving.com) <lior@dumbomoving.com>
**Subject:** Discovery

**CAUTION:** External sender. Verify before continuing.

9

Fred,

I am going to be making another small production today that I am currently reviewing and likely will need some redactions.  Received but not yet reviewed.  If you could tell us what document requests this production is intended to address, that would be helpful in trying to address the outstanding discovery issues.

AVI RESPONSE -
These documents, as previously noted, have the identity of the storage customer and various emails showing that certain individuals communicated with each other. We will likely have more on this front. It also includes more of the details of the development process and costs, and I am currently waiting for more such documents as well.

In regard to the discussion of financials, we need to have some further discussions on what the scope of the mutual production would be and whether my client believes that it is sufficient. Given that your client is not supposed to be able to see any of the POC defendants' financials, I fail to understand why his views as to what financial information is sufficient is relevant.  Please confirm that he has **not seen** any of the POC Defendants' financial documents produced to date and he will not be shown any future production consistent with the terms of the protective order in this case.  In terms of mutual production of additional back up financial information, you need to identify, as we discussed, last week, what you believe you need and you believe is relevant and we will consider your request and whether we have any additional such requests.  If we can come to an agreement, it would not be in regard to 2018 which we believe you must produce the tax returns, My client has done some more searching and has now located a copy of POC's 2018 P&L and Balance Sheet, which we will produce shortly.  So, our position as to 2018 tax returns as previously stated is no different than for any other year once this production is made.   nor would it be a waiver of our right to seek additional information once we have what has been provided if any further issues arise, especially after the POC 30(b)(6) – we will be sending a notice today or tomorrow on that.

AVI RESPONSE - I am not sure how he could have a P&L for 2018 which would directly contradict his testimony. We will likely have to recall him to deal with this. My client has not seen any documents you designated attorney eyes only, but is involved in discussions of what discovery to seek and the purposes for seeking it. I take offense at the accusation in your email. Also, your client has largely discussed the trajectory of his financial position in public news articles, so the basics of his explosive revenue growth are in the public domain. We identify all COGS and expense accounts that were only produced as general one line items. We need the underlying details of what went into each line to explain them. I believe at a minimum a report similar to that you gave us for Simply Moving, which breaks down the categories of expenses. We would also expect to see reporting on payments to all of the entities involved in the software development, as there are numerous entities that were paid.

We will be producing the NDA's of key personnel and the entities that you discussed during the deposition, but continue to believe that the request for all NDA's without limitation is unduly burdensome and has no evidentiary value in and of itself.  As I've have previously indicated, it is Dumbo's burden to show it has taken reasonable measures to keep its trade secret a secret. If Dumbo doesn't want to produce NDA's for all persons who have had access to its alleged trade secrets, that's on Dumbo.  I'm not waiving my request for all NDAs for such persons.

AVI RESPONSE -
We will be producing a substantial number of NDA's this week or early next week. Your request is unduly burdensome as previously noted, but we will be producing various categories of NDA's signed and you can inquire of Mr. Rachmany at the 30(b)(6).

We will produce the ledgers of software development costs.  Can you clarify what you mean by "ledgers"?  is that the QuickBooks backup to Dumbo's annual financial statements regarding software and computer costs or something else? Perhaps you can send a couple of samples of these.
AVI RESPONSE -
That was my intention.


I will be sending you a formal response to your post deposition demands and possibly some additional documents.

I will get you a signed formal version of the third interrogatory responses.   Are you still refusing to respond to the POC defendants' 4th set of interrogatories?
AVI RESPONSE -
We will respond subject to objections.

I will answer the amended notices to admit, but without any admission that we were obligated to do so, just as you will not waive any claim that they are admitted.   understood

I believe that covers the issues we discussed. I propose that we provide all of this (and you provide any documents you are obligated to provide) by 2/25, with the hope that it will be sooner.

I also propose seeking a 60 day extension of fact discovery so that we can finalize the remaining depositions (including any potential third party witnesses that remain, such as your client's CPA and Mr. Martovic) and have a little time for any final documentary follow ups.  As previously discussed, we need to confirm definitive dates for the previously served depositions.  We discussed Monday, March 2nd, starting at 9:30 am.  Please confirm this works for you.  (Wing please confirm this works for Vlad as well).  If 2/25 is the last day for

Dumbo to provide all outstanding documents and discovery responses, then I will be ready the week of March 9th to take the 30b6 of Dumbo. I intend to do this deposition in person. If that means again that Mr. Rachmany is only available to 2pm, then I suggest we do March 10 and 12 for the Dumbo 30b6 deposition. Please confirm those dates work. Once I receive and review your notice, we can then schedule the POC 30b6 deposition. I see no reason why all discovery cannot be completed by the end of March.

AVI RESPONSE -
Again, as to the in person deposition, it is impractical. Mr. Rachmany has a daily childcare obligation to pick up his kids at 3pm. Virtually, we could start at 9am and take a break from 3-4 and finish in one day. March 2 is confirmed for vlod on my end. Currently March 12 is open.

Please let me know your thoughts.

Avi

_____



Avram E. Frisch, Esq.
Frischa@avifrischlaw.com
1 University Plaza, Suite 119 Hackensack, NJ 07601
201-289-5352
Fax: 866-883-9690

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com