Morrison Cohen

Fred H. Perkins
(212) 735-8647
fhperkins@morrisoncohen.com

September 17, 2026

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Dumbo Moving & Storage, Inc. ("Dumbo") v. Piece of Cake Moving & Storage LLC, et al ("POC"), 22-CV-05138-ER (the "Action")

Dear Judge Ramos:

We represent all Defendants in this Action, except for Volodymyr Plokhykh, who also joins in this letter. Pursuant to Rule 2A of your Individual Practices, Defendants respectfully request a pre-motion conference for permission to move for: (i) summary judgment to dismiss all of Dumbo's remaining claims for misappropriation under the Defend Trade Secrets Act ("DTSA") and copyright infringement; (ii) exclusion of Dumbo's experts' testimony; and (iii) referral of certain questions of the validity of Dumbo's copyright registration to the Register of Copyrights. The primary grounds for these three motions are as follows:

Lack of Copyright Ownership/Lack of Secrecy of the Alleged Trade Secrets – Dumbo's claims for copyright infringement fail as a matter of law because Dumbo does not own the copyrighted work. It is undisputed that: (i) the now-deceased Ukrainian software developer, Levgen (Eugene) Didenko, was the sole author of the software that Dumbo registered with the Copyright Office (the "USCO") and which Dumbo contends embodies its trade secrets (the "Dumbo Software"); (ii) Didenko authored the software as an independent contractor; (iii) per the copyright application, the development of the Dumbo Software did not constitute a work for hire; and (iv) there is no executed, written document – as required – purporting to convey Didenko's ownership rights to Dumbo. Therefore, Dumbo is not an owner of the asserted copyrights and lacks standing as a matter of law to bring such claims. 17 U.S.C. § 201; *Int'l Media Films, Inc. v. Lucas Ent., Inc.*, 703 F. Supp. 2d 456, 462-65 (S.D.N.Y. 2010).

It is also undisputed that there is no agreement by which Didenko ever agreed to keep Dumbo's alleged trade secrets confidential. As the de facto exclusive owner of the copyrights to the Dumbo Software embodying Dumbo's alleged trade secrets, Didenko had the right to, and in fact did, disclose, license and/or distribute the Dumbo Software and/or similar SaaS software Didenko developed to others, which rights preclude Dumbo from establishing the required element of secrecy necessary to assert a trade secret misappropriation claim. *Alcatel USA, Inc. v. Cisco Sys., Inc.*, 239 F. Supp. 2d 645, 659-60 (E.D. Tex. 2002) (summary judgment for defendant where agreement did not assign ownership of the copyrights and programs were not works for hire, leaving programmer as the exclusive copyright owner and precluding plaintiff's trade secret-related claims). Similarly, Dumbo waived any trade secret protection by, among other things, publicly filing with the USCO unredacted source code embodying some or all of its alleged trade

secrets. *PaySys Int'l, Inc. v. Atos Se*, No. 14-cv-10105 (KBF), 2016 WL 7116132, at *12 (S.D.N.Y. Dec. 5, 2016) (summary judgment motion granted where undisputed facts show portions of alleged trade secrets were publicly available through the USCO).

Dumbo has Failed to Produce a Copy of the Copyrighted Work – Dumbo admits that it does not have a copy of the 2017 Dumbo Software it purported to register with the USCO. Without a copy of the copyrighted work, the required substantial similarity analysis between the copyrighted work and Defendants' software cannot be – and has not been – performed; therefore, Dumbo cannot prove the substantial similarity element of its copyright claim. *E.g., Airframe Sys., Inc. v. L-3 Comm. Corp*., 658 F.3d 100, 106-08 (1st Cir. 2011) (affirming summary judgment dismissing copyright claims where plaintiff failed to present evidence that the source code covered by the copyright registration was substantially similar to defendant's code).

Dumbo's Copyright Registration is Invalid – Dumbo's copyright registration should be invalidated under 17 U.S.C. § 411(b)(1) as Dumbo knowingly and/or willfully blindly submitted materially inaccurate information to the USCO. Such inaccuracies include: misrepresentation of the date and contents of the source code it deposited with the USCO as well as misrepresentations regarding Dumbo's ownership of the work and the existence of a transfer agreement. Had the USCO known of such inaccuracies, copyright registration would have been refused. Thus, pursuant to 17 U.S.C. § 411(b)(2), Defendants seek to move the Court to "request the Register of Copyrights to advise the [C]ourt whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." *See HEALTHeSTATE, LLC v. U.S.,* 168 Fed. Cl. 624 (2023), *aff'd,* No. 2024-1336, 2026 WL 787163 (Fed. Cir. Mar. 20, 2026) (granting summary judgment dismissing copyright claim because, inter alia, the Register of Copyrights determined that if the truth was known, the application would have been refused).

Dumbo Fails to Describe its Alleged Trade Secrets with Reasonable Particularity – Despite Defendants' numerous requests throughout discovery, Dumbo and its expert have failed to identify its alleged trade secrets with reasonable particularity. Therefore, its trade secret claims must fail. *Hayden v. Int'l Bus. Machs. Corp.,* No. 21 CV 2485 (VB), 2025 WL 1697021, at *12-16 (S.D.N.Y. June 17, 2025) (granting summary judgment dismissing the trade secret claims for failure to define the alleged trade secrets with specificity). Indeed, Dumbo has failed to establish which, if any, of its alleged trade secrets even existed at the time of the alleged misappropriation.

Dumbo's Alleged Trade Secrets are Generally Known and Readily Ascertainable – To qualify as a trade secret under DTSA, Dumbo must show the alleged secrets derive "independent economic value" "from not being generally known to" or "readily ascertainable through proper means by" others. 18 U.S.C. § 1839(3)(B). Dumbo has repeatedly failed to distinguish its alleged trade secrets from generally known matters and failed to show that its alleged trade secrets are not readily ascertainable by others. Dumbo has made no effort to distinguish the third-party publicly available software products identified by Defendants that contain the same functionalities as the alleged trade secrets. Thus, Dumbo's trade secrets should be dismissed. *See* NEXT Payment Sols., Inc. v. CLEAResult Consulting, Inc., 163 F. 4th 1091, 1096-99 (4th Cir. 2026) (affirming summary judgment dismissal of DTSA claims because, inter alia, plaintiff failed to show how its alleged trade secrets were generally unknown and not readily ascertainable); *Sit-Up Ltd. v. IAC/InterActiveCorp.*, No. 05 Civ. 9292(DLC), 2008 WL 463884, at *12-14 (S.D.N.Y.

Feb 20, 2008) (granting summary judgment dismissing trade secret claims where plaintiff failed to show they were not publicly available and known in the industry).

Dumbo Provided No Evidence of Independent Economic Value ("IEV") – Dumbo has failed to provide any evidence that its alleged trade secrets have IEV. As a result, Dumbo has not established that it has any valid trade secrets as defined by DTSA. *Synopsys, Inc. v. Risk Based Sec., Inc.,* 70 F. 4th 759, 771-75 (4th Cir. 2023) (granting summary judgment dismissing DTSA claim for failure to show that the alleged trade secrets had IEV from being kept secret).

Motion to Exclude Dumbo's Experts' Testimony – Dumbo served reports of two experts: (1) Dr. Ross Malaga, who purports to opine on the similarity of source code between the 2022 version of the Dumbo Software and Defendants' software, both from copyright and trade secret perspectives; and (2) Mr. Chase Perry, who assumes liability in favor of Dumbo and purports to opine on damages only. Defendants request permission to move to exclude Dr. Malaga's testimony and to reserve their rights to move to exclude Mr. Perry's testimony (as needed) following the disposition of the proposed summary judgment motion. Dr. Malaga's report and his prospective testimony should be excluded because they are neither relevant nor reliable for various reasons including: (i) Dr. Malaga fails to address the alleged similarity of the 2017 source code that Dumbo purported to copyright with the USCO and instead analyzes 2022 source code, which includes substantial developments not part of the copyrighted work and following the alleged infringement and alleged misappropriation; (ii) Dr. Malaga fails to use an accepted methodology to conduct his similarity analysis and employs a fundamentally flawed approach; (iii) Dr. Malaga fails to filter out legally unprotectable source code from his analyses and thereby fails to compare only protectable elements of the copyrighted work or the alleged trade secrets; (iv) Dr. Malaga fails to adequately explain his methodologies or disclose all data and information he used to provide sufficient detail to reproduce his analysis; (v) Dr. Malaga fails to describe the alleged trade secrets with particularity; (vi) Dr. Malaga fails to determine whether the alleged trade secrets contain protectable elements or information, are generally known or have IEV from being secret; and (vii) Dr. Malaga fails to analyze and compare the alleged trade secrets, but instead purports to consider certain "aspects" of Dumbo's alleged trade secrets using unproven and non-accepted methodologies. Expert testimony that is not premised on reliable methodology is improper. *Daubert v. Merrell Dow Pharm*., 509 U.S. 579, 589 (1993); *HEALTHeSTATE*, 168 Fed. Cl. at 656-60 (excluding an expert's opinions regarding substantial similarity of allegedly copyright-infringing source code where the expert failed to use an accepted methodology and failed to conduct any protectability analysis regarding the source code compared).

Lastly, in the interest of avoiding duplicative submissions on the summary judgment motion, Defendants seek permission to submit one memorandum of law no longer than 40 pages, rather than two separate 25-page briefs, in support of their proposed summary judgment motion. Defendants will meet and confer with Dumbo's counsel to try to agree on a mutually convenient briefing schedule for all three requested motions.

Respectfully submitted,

*Fred H. Perkins*

Fred H. Perkins

cc: all counsel of record (via ECF)