THE LAW OFFICE OF
AVRAM E. FRISCH LLC

New Jersey Office
1 University Plaza
Suite 119
Hackensack, NJ 07601

New York Office
150 Broadway
Suite 900
New York, NY 10038

**Avram E. Frisch Esq. – Admitted in NY and NJ. Mail to NJ address.**

Edgardo Ramos, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square NY, Courtroom 619
New York, NY, 10007

September 25, 2026

VIA ECF

Re: Dumbo Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC, et al.,
No. 22-cv-05138 (ER) — Response to Defendants' Pre-Motion Letter (D.E. 204)

Dear Judge Ramos:

This firm represents plaintiff Dumbo Moving & Storage, Inc. ("Dumbo"). We write in response to Mr. Perkins' September 17, 2026 letter (D.E. 204), pursuant to the Court's September 21, 2026 Order directing Dumbo to respond by September 25, 2026. As an initial matter, Dumbo believes that this matter should be referred to a magistrate for a formal settlement conference prior to dispositive motion practice. The parties have already incurred tremendous costs to litigate this case, and now that there is a full discovery record, we believe that the case could be settled with the assistance of a magistrate.

In regard to the motions proposed by the Defendants: Dumbo does not oppose Defendants' request for leave to file a formal summary judgment motion — not because the grounds Defendants advance have merit, but because they cannot fairly be tested on letter practice. Dumbo writes to advise the Court that it will oppose the motion and will cross-move for partial summary judgment, and to address the sequencing of the proposed exclusion motions and Defendants' request regarding page limits.

**Dumbo will oppose summary judgment.** Dumbo will oppose summary judgment. Each of Defendants' grounds turns on a contested record. Whether Dumbo owns the registered copyright depends on the documentary record concerning Mr. Didenko's engagement, which Defendants characterize as "undisputed" but which is not. Whether the alleged trade secrets were kept secret, were identified with reasonable particularity, are generally known or readily ascertainable, and derive independent economic value are quintessential questions of fact on this record. Defendants' substantial-similarity argument — that Dumbo cannot prove its claim without a copy of the 2017 deposit — is a merits contention that simply ignores the expert testimony in the case and the case law in this Circuit indicating such an analysis is not required in circumstance where the code was directly and literally copied.. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992). These are disputes for trial, not grounds for judgment as a matter of law.

**Dumbo will cross-move for partial summary judgment.** Dumbo intends to move affirmatively on three discrete issues: (i) that Dumbo owns the registered copyright in the software at issue and that the Defendants have no standing to raise any defense under 17 U.S.C. 204(a) in any event; (ii) that there was no knowing or willfully blind inclusion of inaccurate information in the copyright application within the meaning of 17 U.S.C. § 411(b)(1)(A); and (iii) that certain of Defendants' affirmative defenses lack record support.

**Dumbo will move to exclude certain opinions of Dr. Walker.** Dumbo intends to move to exclude the opinions of Defendants' expert, Dr. Martin Walker, on grounds developed at his August 24, 2026

deposition, including: (i) that the analytical work underlying his opinions was performed by a third-party firm, and by an individual, neither of which is identified in his report or distinguished anywhere in his exhibits, whose scripts and raw data he reviewed as to their "operation" rather than their substance; (ii) that a portion of his analysis rests on a generative artificial-intelligence exercise whose substitute inputs he devised himself rather than drawing them from the record, which he ran without any control condition, which that same undisclosed third party ran separately, and whose outputs have never been produced[1]; and (iii) that his opinions regarding copyright ownership and that Dumbo's management was "willfully blind" are legal opinions supplied by counsel, who by his own testimony provided "a hundred percent of the legal instructions" contained in his report, the authorities for which he did not read. The legal opinions offered by Mr. Walker are outside of his expertise and are not based on "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Dumbo moves as to Dr. Walker now, rather than later, because Defendants' proposed motion is expected to depend on his testimony for ownership, validity, and the significance of the date of the deposit copy. Dumbo reserves its right to move as to any other defense expert following disposition of the summary judgment motion, on the same basis on which Defendants reserve as to Mr. Perry.

**The motion to exclude Dr. Malaga is premature.** Defendants propose to move against Dr. Malaga now while expressly reserving their challenge to Mr. Perry until after summary judgment is decided. Plaintiff believes that such a motion would be premature prior to a decision on summary judgment. The issues on which Defendant's proposed motion will be based do not turn on the admissibility of Dr. Malaga's testimony. Similarly, the issues on which Dumbo will move do not turn on the admissibility of Dr. Malaga's testimony. Following the Court's ruling on the parties' summary judgement motions, when the full scope of triable issues is established, , then the determination of whether Dr. Malaga's report and testimony on those triable issues are admissible would then be ripe for decision.

**The requested referral to the Register of Copyrights is likewise premature.** A referral under 17 U.S.C. § 411(b)(2) presupposes a finding under § 411(b)(1)(A) that inaccurate information was included in the application with knowledge of its inaccuracy. That predicate is disputed, and the only evidence Defendants offer to establish it is the opinion Dumbo will move to exclude. The referral question is therefore best addressed, if at all, only after the summary judgment and exclusion motions are resolved.

**Page limits should be reciprocal.** Defendants ask leave to file a single memorandum of up to 40 pages in place of two 25-page briefs. As an initial matter, we are unclear as to whether Defendants are referring to a joint motion for all defendants, or a motion for summary judgment and to exclude Dr. Malaga. To the extent the Court allows the motions to proceed as proposed, Dumbo believes that the issues raised should be briefed independently and not jointly, as the motion to exclude an expert is quite distinct from summary judgment. To the extent that the Defendants are seeking a joint motion as to all Defendants, Dumbo does not object to consolidation, and asks only that any allowance with respect to page count be symmetrical. The issues related to the various defendants do vary significantly and Dumbo will need to make arguments that relate to certain defendants individually.

We thank the Court for its attention to this matter.

Very truly yours,

Avram E. Frisch

Avram E. Frisch

Cc: All counsel of record (via ECF)

[1] Dumbo does not intend to state that it believes there is an issue with Dr. Walker's use of Generative AI, as Dumbo's expert has also utilized generative AI to help develop certain scripts, but that Dr. Walker's failure to disclose all results obtained by his third party consultant makes his test results unreliable and inadmissible under Fed. R. Evid. 702(b)-(d).